Ralph P. Dupont, Esq. (RD1849)
Barbara J. Dupont, Esq. (BR7323)
The Dupont Law Firm, LLP
One Stamford Plaza
263 Tresser Boulevard 9th Flr.
P.O. Box 3325
Stamford, CT 06905
Telephone: (203) 965-8355
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWENA R. HEGNA, | No. 11 Civ. 03761(KBF) |
| | THIS DOCUMENT RELATES TO |
| Executrix of the Estate of Charles Hegna, Late of Sterling, Virginia, individually, and STEVEN A. HEGNA, CRAIG M. HEGNA, LYNN MARIE HEGNA MOORE, and PAUL B. HEGNA, <br> Plaintiffs | Nos. 08 Civ.10934 (KBF); 09 Civ. 553 (KBF); 09 Civ. 564 (KBF); 10 Civ. 2464 (KBF); 09 Civ. 165 (KBF); 09 Civ. 4784 (KBF). |
| v. | |
| ISLAMIC REPUBLIC OF IRAN and THE IRANIAN MINISTRY OF INFORMATION AND SECURITY, <br> Defendants | April 3, 2013 |

**DECLARATION OF RALPH P. DUPONT IN SUPPORT OF THE HEGNA MOVANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

The undersigned, Ralph P. Dupont, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of the Bar of this Honorable Court, and I am a member of The Dupont Law Firm, LLP, counsel with Barbara J. Dupont for the Hegna Movants ("Hegnas") throughout the above-referenced Show Cause Order special proceedings and in all matters

from the inception of the Hegna Movants action against the Islamic Republic of Iran ("Iran') and its Ministry of Information and Security ("MOIS"). I submit this Declaration in support of the Hegnas' Motion for Partial Summary Judgment by providing the Court with true and correct copies of the exhibits to which reference is made in the Hegnas' Motion and facts, on information and belief, related thereto.

2. I have knowledge of the facts stated herein based on my representation of the Hegnas throughout the prosecution to judgment of their civil action, filed on April 3, 2000, in the United States District Court for the District of Columbia against the Defendants-Respondents the Islamic Republic of Iran ("Iran") and its Ministry of Information and Security ("MOIS) and subsequent judgment lien filings in this jurisdiction. I am also familiar with the forfeiture proceedings in *United States v. All Right Title and Interest in . . . 650 Fifth Avenue . . . .*, 08 Civ. 10934 and the Complaint and Amended Complaint annexed hereto as **Ex. #1A** ("U.S. Compl.").

3. The garnishees subject to the SCO, all of whom have appeared after service, include:

a. Alavi Foundation (the "Foundation");

b. 650 Fifth Avenue Company, a purported New York partnership that on information and belief, holds record title to the premises known as 650 Fifth Avenue, New York, New York, but which premises, on information and belief, are actually concurrently owned as tenants in common, in fee simple absolute, by the Foundation (60%) and Bank Melli (40%).

c. Assa Corporation and Assa Company, Ltd., jural entities (collectively referred to as the "Assa Entities") which on information and belief, have been determined

by the United States Departments of Treasury, State and Justice to have been created by Bank Melli Iran in order to conceal its 40% fee interest in the 650 Fifth Avenue premises and in the cash and personal assets related thereto.

4. I caused the SCO to be served on the United States; the 650 Fifth Ave. Company; the Alavi Foundation; the Assa Entities; Iran; and Bank Melli. I also caused service be made on counsel for the plaintiffs in the following civil actions pending before this Court: *Rubin et al. v. Foundation,* Case No. 09 Civ. 00165 and *Miller v. Foundation,* Case No. 09 Civ. 00166; and *Greenberg v. Assa Corporation,* Case Nos. 09 Civ 00553 and 09 Civ. 00564.

5. The Treasury Department has determined (**Exs. ## 16, 17, & 17A**) appended hereto that Bank Melli is the Government of Iran and that the Assa Entities are Bank Melli.

6. I caused service of the instant SCO proceedings to be made on Iran and duly returned (**Ex. # 6**) appended hereto.

7. The underlying judgment for $375,000,000.00 entered on January 22, 2002 for $42,000,000.00 against Iran and MOIS, jointly and severally, for compensatory damages, allocated, variously, among six (6) Hegna plaintiffs; and $333,000,000.00 in punitive damages, against MOIS, only. The punitive award is shared equally by Edwena Hegna and her four children. Neither Iran nor MOIS have paid any part of the judgment and, on information and belief, Iran is liable in respondeat superior for payment of the judgment against MOIS for punitive damages pursuant to 28 U. S. C. § 1605A(c).

8. Attached hereto are true and correct copies of Exhibits consecutively numbered 1 through 17A ,inclusive, annexed hereto and referenced in the above-captioned Hegna-

Movants' Memorandum In Support Of Partial Summary Judgment, the factual allegations of which I believe to be true based on information and belief.

Dated: April 3, 2013 at Stamford, CT.

_____
Ralph P. Dupont