

PLAINTIFF'S EXHIBIT
10

Ralph P. Dupont, Esq. (RD1849)
Barbara J. Dupont, Esq. (BR7323)
The Dupont Law Firm, LLP
1177 High Ridge Rd., Suite 234
Stamford, CT 06905
Telephone: (203) 321-2176
Facsimile: (203) 321-1275

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

EDWENA R. HEGNA,
Executrix of the Estate of Charles Hegna,
Late of Sterling, Virginia, individually, and
STEVEN A. HEGNA, CRAIG M. HEGNA,
LYNN MARIE HEGNA MOORE, and
PAUL B. HEGNA,

      Plaintiffs,

   v.

ISLAMIC REPUBLIC OF IRAN
    and
THE IRANIAN MINISTRY OF
INFORMATION AND SECURITY,
      Defendants.

Case No. 18 MS 0302
(Judgment N0. 02-2472)

March 25, 2009

-------------------------------------------------------- X

## HEGNA-MOVANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO SHOW CAUSE WHY ORDERS FOR ATTACHMENT, EXECUTION AND TURN OVER SHOULD NOT ISSUE FORTHWITH

**A. *Jurisdictional Statement.*** This Court has subject matter jurisdiction of this action to enforce a judgment of the United States District Court for the District of Columbia pursuant to 28 USC §§1963 and 1330; Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2337 (November 26, 2002), Title II, Sec. 201(a), and the Victims of Trafficking and Violence Protection Act of 2000, ("Victims Protection Act" or "VTVPA"), Pub.L.No.106-386, Sec. 2002, 114 Stat.1464, 1541-1543 (October 28, 2002), as amended by TRIA. The United States District Court for the District of Columbia has subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§1610(a)(7) ( the so-called, terrorist state exception to sovereign immunity) and 1330(a) (actions against foreign states and their agencies and instrumentalities).

28 U.S.C. § 1330(a) provides in pertinent part as follows:

> **(a)** The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement.

**B. This Proceeding.** This is a proceeding pursuant to FED. R. CIV. P. 69; 28 U.S.C. §§ 1963, 2002-2001;  TRIA Sec. 201(a); and New York CPLR §§ 5203, 5225, 5230 and 5236. Movants seek to enforce the judgment entered on January 22, 2002 by the United States District Court for the District of Columbia[1] (Exs ##1, 1-A, annexed) in their favor

---

[1] *Hegna et al v. Islamic Republic of Iran and Ministry of Information and Security, Case No. 00:00716 (HHK) ("Hegna v. Iran No. 00716").*

(collectively, "the Hegna-judgment creditors"). The judgment was enrolled in this Court on November 27, 2002 as Civ. No. 18 MS 302, Judgment No. 02-2472 (Ex. #2, annexed). A transcript of this Court's judgment was docketed with the Recorder for New York County on November 27, 2002 (Ex. #3, annexed).[2]

**C. The Judgment Lien.** Pursuant to 28 U.S.C. § 1962 "[e]very judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, . . . ." Accordingly, the Hegna judgment-creditors have a priority judgment lien on all real property and the earnings attributable thereto owned by the Islamic Republic of Iran and/or its agencies or instrumentalities, including Bank Melli Iran, a/k/a Bank Melli ("Bank Melli"). See CPLR §5203 and TRIA Sec. 201(a).

**D. The Underlying Judgment.** Briefly stated, on December 4, 1984, Charles Hegna, an employee of the United States Agency for International Development, was brutally tortured and murdered by Hezbollah terrorists during the hijacking of a Kuwait Airways Corporation ("KAC") passenger plane bound for Karachi, Pakistan from Dubai, UAE. Numerous United States courts have found that Iran, MOIS and other agencies and instrumentalities of Iran have long provided support to Hezbollah. See, e.g., *Anderson v.*

---

[2] In a proceeding still before the courts, the Hegnas initially sought an order to attach and execute on the residence of Iran's former Counsel General in New York. This Court found those premises to be actually owned by Iran, notwithstanding a contrary claim of record ownership. In *Hegna v. Iran*, 402 F.3d 97, 99-100 (2d Cir. 2005) (*per curiam*), the United States Court of Appeals ruled that execution on Iran's former consular property could not be dismissed with prejudice because the enforcement proceeding was merely premature, as the ex-residence was still at issue in a claim by Iran against the United States. That claim is still pending before the Iran-U.S. Claims Tribunal ("the Tribunal").

3

*Iran,* 90 F. Supp. 2d 107, 108, n.1 (D.D.C. 2000).  A similar finding was made in *Cicippio v. Iran*, 18 F. Supp. 2d 62 (D.D.C. 1998).  It has previously been determined as a fact that Iran "financed, organized, armed, and planned Hezbollah operations in Lebanon and elsewhere." *Anderson,* 90 F. Supp. 2d at 113.  See also *Cicippio* 18 F. Supp. 2d at 68 where it was concluded that Iran had "openly provided 'material, support or resources' to Hezbollah".

The Hezbollah hijackers forced the Kuwait plane to fly to Mehrabad Airport, Tehran, Iran where Mr. Hegna was held hostage aboard the plane, tortured at gun point and shot repeatedly in the stomach, before being thrown to the ground from the aircraft's forward door. He suffered excruciating pain from his wounds as a result of which he died after two days. Iran released the hijackers who thereafter killed another American in the TWA hijacking in 1985. See unpublished Memorandum of Decision of Hon. Henry H. Kennedy, Jr., ¶30, p.8 and ¶37, p. 10-11.in *Hegna v. Iran, Case No. 00-00716* appended as Exhibit "A" to Ralph P. Dupont Affidavit of March 25, 2009,   Mr. Hegna's wife and children have never fully recovered from their horror and grief over the circumstances of his death at the hands of terrorists. Each has suffered enormously especially as they never obtain closure.

On April 3, 2000, plaintiff judgment creditors Edwena R. Hegna, individually and as Executrix of the Estate of her husband Charles Hegna, Steven A. Hegna, Craig M. Hegna, Lynn Marie Hegna Moore, and Paul B. Hegna filed suit in the United States District Court for the District of Columbia (*Hegna v. Iran, Case No.:   00-00716*) making claims for compensatory and punitive damages under Foreign Sovereign Immunities Act ("FSIA"), 28

U.S.C. § 1607(a)(7) against the judgment debtors, Islamic Republic of Iran ("Iran") and the

Iranian Ministry of Information and Security ("MOIS").

FSIA § 1607(a), as amended in 1996, provides:

(a)     A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case -

\*     \*     \*

(7)     not otherwise covered by paragraph (2), in which money damages are sought against a foreign state for personal injury or death that was caused by an act of terrorism, torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources … for such an act if such act or provision of material support is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency….

Judgments entered for six (6) plaintiffs in the aggregate amount of $375,000,000.00 of

which $42,000,000.00 represents compensatory damages and $333,000,000.00 is punitive

damages. See Exs. ## 1, 1-A. By November, 2003, the six Hegna judgment holders, after a

19 year struggle for justice, collected approximately $8,000,000.00, before fees and

expenses[3].

**E. Related Pending Cases and Parties.** All enforcement proceedings in this District

related to *United States of America v. All Right Title and Interest of Assa Corporation, Assa*

---

[3] Congress mandated the payment and directed that it be charged against funds known as the Iranian Military Fund held in trust for Iran by the United States Departments of Defense and Treasury since the 1970's. *See Hegna v. Iran*, 402 F.3d at 99 (discussing the applicable law). Notably, however, the Hegnas have been unable for over twenty-five (25) years to obtain justice and they have been frustrated endlessly by their inability to enforce their judgments. *Id.* at 99-100.

*Company Limited And Bank Melli Iran In 650 Fifth Avenue Company, Including But Not Limited To The Real Property And Appurtenances Located At 650 Fifth Avenue, New York, New York, With All Improvements And Attachments Thereon* (hereinafter, *U.S. v. All Right Title and Interest in 650 Fifth Avenue"*) *Case No. 08-cv-10934,* have been assigned to the Hon. Richard J. Holwell and are presently scheduled for a Pre-Trial Conference on April 3, 2009 at 11:00 A.M. in Courtroom 17-B. This case is another related case.

Several other judgment creditors of Iran have initiated proceedings seeking to enforce their own 1605(a)(7)judgments.[4] Those cases have also been assigned to Judge Holwell. The remaining parties having an interest in this proceeding in addition to the Hegna-plaintiffs and the defendants, Iran and MOIS are described hereinafter.

**1. Bank Melli Iran ("Bank Melli").** Bank Melli is an agency or instrumentality of Iran within the meaning of TRIA Sec. 201(a) and its assets are subject to execution and attachment in aid of execution to satisfy the Hegnas' judgments, therefore.

The Foreign Sovereign Immunities Act ("FSIA") 28 U.S.C. § 1603(a)-(b) defines a foreign state to include its agencies and instrumentalities, such as Bank Melli, which is a

---

[4] *Rubin v. Iran, Case No. 1:09-cv-00165,* complaint filed January 8, 2009 to enforce a Sept. 10, 2003 judgment of the United States District Court for the District of Columbia, enrolled in this Court thereafter as 18 MS 302 (judgment No. 03-2371) and claiming at this time an interest in this proceeding by the "simple act of delivering an execution to the sheriff" on October 10, 2008. Rubin Complaint ¶26); *Miller v. Iran Case No.1:09 cv 00166,* complaint filed January 8, 2009 *Greenbaum v. Iran, Cases Nos. 1:09-cv-00553 and 1:09-cv-00564-RJH* ( Application to the New York Supreme Court, pursuant to New York CPLR §§ 5225(b) & 5227 for enforcement of the Aug. 10, 2006 judgment of the U.S. District Court for the District of Columbia, allegedly properly docketed in the Supreme Court, New York County on Dec. 17, 2008 and removed to this Court on January 20, 2009 by the defendants, Alavi and Fifth Avenue Company, and on January 21, 2009 by the defendants Assa and Assa Co. Ltd., respectively).

Government of Iran banking entity, wholly owned by Iran. FSIA §1603 defines Bank

Melli's status and relationship to Iran as follows:

> For purposes of this chapter—
>
> **(a)** A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
>
> **(b)** An "agency or instrumentality of a foreign state" means any entity—
>
> **(1)** which is a separate legal person, corporate or otherwise, and
>
> **(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
>
> **(3)** . . . .

The Department of the Treasury, Office of Foreign Asset Control ("OFAC") has

found that the Government of Iran includes "[a]ny entity [*i.e.* any corporation, partnership or

association] owned or controlled directly or indirectly. . ." by Iran. 31 C.F.R. §§560.304(b).

OFAC has determined that Bank Melli (including its offices wherever located) is

wholly owned by the Government of Iran. 31 C.F.R. Part 560. App. A. See FED. R. EVID.

803(8). See also Verified Complaint, ¶12 on file in this Court as *U.S. v. All Right Title and

Interest in 650 Fifth Avenue Case No. 08-cv-10934*, [Dkt. # 1].

**2. Bank Melli's Alter Egos.**

a. *Assa Corporation* ("Assa"). On December 17, 2008 OFAC concluded that

Assa is an "entity controlled by, and . . . acting for or on behalf of, Bank Melli . . . ." *U.S. v.*

7

*All Right Title and Interest in Real Property at 650 Fifth Ave,* Post Complaint Protective

Order – 6 [Doc. # 2]. See Verified Complaint, ¶¶ 21-24.

b. *Assa Company, Limited* ("Assa Co. Ltd.") is the parent of Assa and also an

alter ego of Bank Melli. See Verified Complaint ¶¶ 21-24.

c. *The Fifth Avenue Company* ("Fifth Ave. Co,") purports to be a New York

partnership consisting of Assa and Alavi Foundation of New York. In fact, however, Bank

Melli, not Assa, has always been the owner of a forty (40%) percent interest in the 650 Fifth

Avenue property. Bank Melli formed and availed itself of the Fifth Avenue Company in

order to disguise its interest in the real estate and to regularly receive the shared profits from

the rental of the 650 Fifth Avenue premises, through two straw companies Assa and Assa

Co., Ltd. See Verified Complaint, ¶¶ 24, 26-31.

**3. Alavi Foundation of New York** ("Alavi") is incorporated as a not-for-profit

charitable entity under New York law. Alavi was formerly known as the Pahlavi Foundation

and later renamed the Mostazafan Foundation of New York (the "Mostazafan Foundation"), and still

later renamed the Alavi Foundation of New York. See Verified Complaint ¶19.

In July, 1989, Alavi sought to avoid federal income taxes on its unrelated business

income from the 650 Fifth Avenue property by entering into a partnership agreement with

Assa. Bank Melli released its mortgage on the 650 Fifth Avenue property and Alavi

contributed the debt-free property to Fifth Avenue Co. , as is evidenced by Assa' forty

(40%) and Alavi's  sixty (60%) interests in the Fifth Avenue Co.  In that manner, the several

parties to the transactions disguised Bank Melli's interest in the 650 Fifth Avenue property from July 1989 to December 17, 2008. See Verified Complaint ¶22.

**4. The United States** In *United States v. All Right Title and Interest in 650 Fifth Avenue*, the United States seeks to forfeit all right, title and interest of Bank Melli, an agency or instrumentality of Iran, and its straw companies, including Assa, in and to the property known as 650 Fifth Avenue, New York, New York, an 86 storey office building. The United States' Verified Complaint charges money laundering and violations of regulations of the United States Treasury, Office of Foreign Assets Control ("OFAC").

**F. Prior Proceedings Herein.**

Furthermore, on December 30, 2008, this Court's Writ of Execution, dated, December 29, 2008 was delivered to a United States Marshal in and for the Southern District of New York and on January 12, 2009 he duly levied and made return to this Court. The garnishees are the Alavi Foundation of New York ("Alavi"), Fifth Avenue Company ("Fifth Ave. Co."); and Assa Corporation ("Assa")., as fully appears from Exs. ## 4-A, 4-B and 4-C, annexed. Fifth Avenue Company and Assa Corporation have not responded.

Alavi, a purported partner in 650 Fifth Ave. Co. responded but refused to remit. It claimed it was barred from doing so by this Court's Post-Complaint Protective Order Pursuant to 18 U.S. C. §983(j)(i) issued in *United States v. All Right Title and Interest in 650 Fifth Avenue"*) Case No. 08-cv-10934, [Dkt. No. 2]. See Ex. 4-B-1 annexed. The Writ of Execution, however, constitutes a priority lien on such interest, if any, as Assa and/or Bank Melli may have in and to the assets of a purported real estate partnership the Fifth Ave. Co.,

the nominal owner of the 650 Fifth Avenue property. The actions by the garnishees require judicial intervention, therefore, to enforce the rights of the Hegna judgment creditors.

## ARGUMENT

### POINT I

### A WRIT OF ATTACHMENT MAY ISSUE AND THE PREMISES MAY BE SOLD TO SATISFY THE UNPAID PORTION OF THE HEGNA JUDGMENTS REPRESENTING COMPENSATORY DAMAGES, PURSUANT T0 TRIA SEC. 201(a)

Generally, "blocked or frozen assets" of a foreign state, including those titled in the name of its agencies and instrumentalities, are immune from "attachment, execution, injunction, or similar process, whether intermediate or final." *See* 22 U.S.C. §4308(f).

On November 26, 2002, however, Congress enacted the Terrorism Risk Insurance Act of 2002 ("the Act"), P.L. 107-297, 116 Stat. 2322 which broadened the exception to sovereign immunity where terrorist states were concerned, as follows:

> (a) In General.  Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under Section 1605(a)(7) of Title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

A "terrorist party" includes a foreign state designated as a state sponsor of terrorism under § 6(j) of the Export Administration Act of 1979, 50 U.S.C. App. § 2405(j) or § 620A

of the Foreign Assistance Act of 1961, 22 U.S.C. § 2371. The Islamic Republic of Iran has

been designated a state sponsor of terrorism under §6(j) of the Export Administration Act of

1979. 50 U.S.C. App. § 2405(j), and it is a sponsor of Hizballah (variously "Hezbollah").

*See*, *e.g.*; *Cicippio* 18 F.Supp. 3rd at 68; and 49 FR 2836-02 (January 23, 1994).

The underlying judgment entered herein concludes that Iran is not immune and that

judgment under 28 U.S.C. §1605(a)(7) is proper. Dupont Aff. Ex. "A", Mem. Dec. Bank

Melli is undisputedly an agency or instrumentality of Iran. As previously explained, all

elements of a TRIA§201(a) attachment in aid of execution and execution are present here.

**1. TRIA Subjects Iran's and Bank Melli's Blocked Assets To Execution.**

Sec. 201(a)  provides that "[n]ot withstanding any other provision of law" the "blocked

assets" of an "agency or instrumentality" of Iran are subject to execution in order to satisfy

"a judgment . . . based upon an act of terrorism, or for which [Iran, ("a terrorist party")] is

not immune under §1605(a)(7) of title 28 , United States Code . . .",  Sec 201(a) in pertinent

part provides as follows:

> a. IN GENERAL – Notwithstanding any other provision of law, and except as
> provided in subsection (d) . . . , in every case in which a person has obtained a
> judgment against a terrorist party on a claim based upon an act of terrorism, or
> for which a terrorist party is not immune under §1605(a)(7) of title 28, United
> States Code, the blocked assets of that terrorist party (including the blocked
> assets of any agency or instrumentality of that terrorist party) shall be subject to
> execution or attachment in aid of execution in order to satisfy such judgment to
> the extent of any compensatory damages for which such terrorist party has
> been adjudged liable.  [28 USC §1610 note]

**2. The Fifth Avenue Property Is A "Blocked Asset".**  TRIA, Sec. 201 defines

11

"blocked assets", in pertinent part as follows:

> d. Definitions – In this section, the following definitions shall apply:

> (1) . . . .
> (2) Blocked Assets – The term "Blocked Asset" means –

>> (A)   any asset seized or frozen by the United States under . . . . under §§ 2002 and 2003 of the International Emergency Economic Powers Act U.S.C. 1701; 1702 ["IEEPA"] . . . .

On June 28, 2005, acting pursuant to IEEPA, the President issued his Executive Order No. 13382, 70 Fed. Regs. 38567 (June 28, 2005) thereby blocking all "property and interests in property" of entities designated by that Order or subsequently designated by the Treasury Department. On October 27, 2007, the Treasury so designated Bank Melli thereby constituting all of its assets within the United States, however titled, as "blocked assets" subject to execution pursuant to TRIA Sec. 201(a), as explained. On December 17, 2008, the Secretary of the Treasury designated Assa and concluded that it is a company owned or controlled by Bank Melli. See Dupont Aff. ¶¶ 14-16

Since November 27, 2002, all interests in real property of the Islamic Republic of Iran and all of its agencies and instrumentalities, including Bank Melli, however nominally titled, are subject to execution sale by the Hegna judgment creditors. See TRIA Sec. 201(a) and *Weininger v. Castro,* 462 F. Supp.2nd 457, 488-89 (S.D.N.Y., 2006) (interpreting and applying TRIA, Sec. 201(a)). On that date, the Hegnas obtained their priority judgment lien on all real property and interests therein of Iran and its agencies and instrumentalities, however disguised.

<b>POINT TWO</b>

**THIS COURT SHOULD ORDER A JUDICIAL SALE OF THE 650 FIFTH AVENUE PROPERTY FORTHWITH.**

This Court's Protective Order ¶13 specifically safeguards the TRIA Sec. 201(a) judgment enforcement rights of all creditors holding judgments against Iran and its agencies and instrumentalities. Judicial intervention is required at this time, however, to protect and enforce the rights of the Hegna judgment creditors from possible impairment.  Current economic conditions affecting commercial real estate in this District warrant prompt action. See, *e.g.* Wall Street Jour. March 26, 2009, p. Cols. 3-6 (analyzing statistical reports and concluding that commercial property faces a crisis). See Dupont Aff. ¶18-20.

**A. Procedure On Sale Of 650 Fifth Avenue Premises.**

FED. R. CIV. P. 69, prescribes the procedure for enforcement of the Hegnas' judgments in the present circumstances. Rule 69(a)(1) provides:

> (1) Money Judgment; Applicable Procedure.
>
> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

The applicable federal statute, 28 U.S.C. §2001(a) provides in pertinent part that:

> Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.

13

Pursuant to 28 U.S.C. § 2002:

> A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated.
> . . . .The notice shall be substantially in such form and contain such description of the property by reference or otherwise as the court approves. The court may direct that the publication be made in other newspapers. . . . .

The Proposed Order accompanying the Motion for an Order to Show Cause details the required New York law notice with respect to Bank Melli's interest in funds nominally titled in the name of its alter ego, Assa Corporation or held in the Designated Account pursuant to the Protective Order issued in *U.S. v. All Right Title and Interest in Real Property at 650 Fifth Ave.*

## CONCLUSION

The real property interests of Bank Melli and Alavi in the 650 Fifth Avenue property and the appurtances thereto are undisputedly clear. The Hegna judgment creditors are entitled to an order to show cause in the form proposed, followed by an execution sale of the 650 Fifth Avenue premises and a distribution to them of the proceeds in satisfaction of their judgments for compensatory damages, with interests and costs.

Dated: March 26, 2009 Stamford, Connecticut

Respectfully submitted,

The Dupont Law Firm, LLP
Attorneys for Hegna Plaintiffs

By: _____
Ralph P. Dupont, Esq. (RD1849)

By: _____
Barbara J. Dupont, Esq. (BR7323)
1177 High Ridge Rd. Suite 234
Stamford, CT. 06905
Tel: (203) 321-2176
Fax: (203) 321-1275
E-mail: radlaw2001@aol.com

15

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _Florence W. Wilson_ 1-25-02
Deputy Clerk

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

EDWENA R. HEGNA, et al.                                )
                                                       )
                                                       )
      Plaintiffs,                               ) Case No. 1:00CV00716 (HHK)
                                                       )
v.                                                     )
                                                       )
                                                       )
ISLAMIC REPUBLIC OF IRAN ("IRAN")                      )
                                                       )    **FILED**
and                                                    )
                                                       )    FEB - 7 2002
THE IRANIAN MINISTRY OF                                )
INFORMATION AND SECURITY                               )   NANCY MAYER WHITTINGTON, CLERK
                                                       )      U.S. DISTRICT COURT
      Defendants.                               )

### AMENDED ORDER AND JUDGMENT

    Pursuant to Fed. R. Civ. P. 58 and 59(c) and for the reasons stated by the Court in its Memorandum dated January 18, 2002, it is this 1st day of January, 2002, hereby

    **ORDERED AND ADJUDGED** that judgment dated on January 18, 2002 and filed January 22, 2002 in favor of the plaintiffs is hereby amended *nunc pro tunc*; and it is

    **FURTHER ORDERED AND ADJUDGED** that plaintiffs recover of defendants, jointly and severally, compensatory damages in the following amounts:

Edwena Hegna, Executrix of the Estate of
Charles Hegna and Edwena Hegna, individually;    $26,000,000
apportioned as follows:

    (a) Estate of Charles Hegna, Edwena Hegna,
        Executrix on account of decedent's pre-death,
        conscious pain and suffering   $1,000,000



4



(b) Estate of Charles Hegna, Edwena Hegna, Executrix on account of loss of accretions to the descendant's estate     $ *1,104,573*

(c) Edwena Hegna individually     $ *23,895,427*

| | |
|---|---|
| Craig Hegna | $3,000,000 |
| Steven Hegna | $3,000,000 |
| Lynn Hegna | $5,000,000 |
| Paul Hegna | $5,000,000 |
| Punitive Damages, against the defendant, Ministry of Information and Security (MOIS), only | $333,000,000 (to be divided equally among the five individual plaintiffs) |

**ORDERED** that the Clerk of Court shall cause a copy of this Amended Order and Judgment and the accompanying Judgment, filed January 22, 2002 and the Findings of Fact and Conclusions of Law, dated January 18, 2002, to be translated into Farsi and transmitted to the United States Department of State for diplomatic service upon the Defendants in accordance with the provisions of 28 U.S.C. § 1608(a)(4), with the costs of translation to be paid by the Plaintiffs.

**SO ORDERED.**

_Henry H. Kennedy, Jr._
Henry H. Kennedy, Jr.
United States District Judge

5

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDWENA R. HEGNA, et al.,

                **Plaintiffs,**

             **v.**

ISLAMIC REPUBLIC OF IRAN
and
THE IRANIAN MINISTRY OF
INFORMATION AND SECURITY,

              **Defendants.**

Civil Action 00-00716 (HHK)

**FILED**

JAN 2 2 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## JUDGMENT

Pursuant to Fed. R. Civ. P. 58 and for the reasons stated by the court in its memorandum docketed this same day, it is this 18th day of January, 2002 , hereby

**ORDERED and ADJUDGED** that judgment is entered in favor of the plaintiffs; and it is further

**ORDERED and ADJUDGED** that plaintiffs recover of defendants sums in the following amounts:

| | |
|---|---|
| Edwena Hegna | $26,000,000 |
| Craig Hegna | $3,000,000 |
| Steven Hegna | $3,000,000 |
| Lynn Hegna | $5,000,000 |
| Paul Hegna | $5,000,000 |
| Punitive Damages | $333,000,000 (to be divided equally between each plaintiff) |

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____
Deputy Clerk
1/20/02

/s/ Henry Kennedy
Henry H. Kennedy, Jr.
United States District Judge



PLAINTIFF'S
EXHIBIT
K I A

(N)

22

# United States District Court

UNITED STATES DISTRICT COURT _____ DISTRICT OF _____ COLUMBIA

EDWENA R. HEGNA, et al.,

               Plaintiffs,

         v.

ISLAMIC REPUBLIC OF IRAN ("IRAN")
and
THE IRANIAN MINISTRY OF
INFORMATION AND SECURITY,

               Defendants.

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number: 1:00CV00716(HHK)

*RECEIVED NOV 27 2002 JUDGMENT CLERK'S OFFICE*

I, _____ NANCY MAYER WHITTINGTON _____, Clerk of this United States District

Court certify that the attached judgment is a true and correct copy of the original judgment entered in

this action on _____ February 7, 2002 _____, as it appears in the records of this court, and that
                       *Date*

\*   No notice of appeal from this judgment has been filed, and no motion of any
kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has
been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on

_____ 11/26/02 _____
   *Date*

                       **NANCY MAYER-WHITTINGTON**

                       *Clerk*

                       *(By) Deputy Clerk*

PLAINTIFF'S EXHIBIT #12

\* Insert the appropriate language: … "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." … "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure [*] have been disposed of, the latest order disposing of such a motion having been entered on [date]." … "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." … "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

[*Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.]

# TRANSCRIPT OF JUDGMENT -- No. 02-2472

| Dates | Attorney | Names of Parties against whom Judgment has been obtained | Names of Parties in whose favor Judgment has been obtained | Amount | Costs | When Satisfied |
|---|---|---|---|---|---|---|
| | | ISLAMIC REPUBLIC OF IRAN AND THE IRANIAN MINISTRY OF INFORMATION AND SECURITY, JOINTLY AND SEVERALLY | EDNENA R. HEGNA, ET.AL. | $375,000,000.00 | $0.00 | / / |

**How obtained:** Judgment

**Signing:** 02/01/2002

Nichols & Nelson & Short
Navit, K, N.Y 10038

**Filing:** 11/27/2002

**MS 0302**

REGISTRATION OF FOREIGN JUDGMENT- DIST. OF COLUMBIA

Ministry of Information
and Security
Pasdaran Avenue
Gulestan Yekom
Teheran Teheran, Iran

Islamic Republic of
Iran
Ministry of Foreign Affairs
Khomeini
Khomeini Avenue
Teheran, Iran

Steven A. Hegna
6128 Redwood Lane
Alexandria, VA 22310

Craig M Hegna
4636 Africa Share
Potoma Falls, VA 20165

Lynn Marie Hegna
2130 11th Street
Monroe, WI 53566

Paul B Hegna
1769 W. Park Avenue
Chandler AZ 85224

1769 West Park Ave
Chandler, AZ 85224

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the Seal of said court this 27 day of November, two thousand and two

I, Michael McMahon, Clerk of the United States District Court for the Southern District of New York, do hereby certify that the foregoing is a true and correct transcript from the Docket of Judgments kept in my office and that the above Judgment has not been satisfied of record.

J Michael McMahon Clerk

by _____ Deputy Clerk



PLAINTIFF'S EXHIBIT

DOCKETED BY

0026132   2632

FILED
COUNTY CLERK
N.Y. COUNTY

2002 NOV 27  AM 11:08

16 TRANS-F
TOTAL                25.00
CHECK                25.00
                     25.00

CDMS CASHIER           DATE    TIME  TER
18102 1000  02 NOV 27 11:52 AM 9-1

| U.S. Department of Justice | **PROCESS RECEIPT AND RETURN** |
|---|---|
| United States Marshals Service | See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form. |

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Edvena R. Megna, et al | 18MS 0302 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Islamic Republic of Iran, et al | Execution on Judgment |

| **SERVE** | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| ► | 650 Fifth Avenue Company |
| **AT** | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| | 650 Fifth Avenue, New York, NY 10019 |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| The Dupont Law Firm, LLP<br>1177 High Ridge Road<br>Stamford, CT 06905<br><br>Attn: Barbara J. Dupont | Number of process to be served with this Form - 285 |
| | Number of parties to be served in this case.  4 |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Fold                                                                                           Fold

Ms. Kathleen Murphy, Director of Management Services

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER (203) 321-2176 | DATE 12/30/08 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 52 | District to Serve No. 52 | Signature of Authorized USMS Deputy or Clerk | Date 1/1/50 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☒ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| KATHLEEN MURPHY Director Mgmt Service | |
| Address (complete only if different than shown above) | Date of Service 1/12/09 | Time 11 ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 45.00 | 5.04 | | 50.04 | | | |

REMARKS:

**PLAINTIFF'S EXHIBIT 4-A**

**NOTE**

| PRIOR EDITIONS MAY BE USED | **3. NOTICE OF SERVICE** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

**U.S. Department of Justice**
**United States Marshals Service**

# PROCESS RECEIPT AND RETURN
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF Edward R. Hegna, et al | COURT CASE NUMBER 18MS 0302 |
|---|---|
| DEFENDANT Islamic Republic of Iran, et al | TYPE OF PROCESS Execution on Judgment |

| SERVE ➡ | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | 650 Fifth Avenue Company |
| AT | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| | 650 Fifth Avenue, New York, NY 10019 |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| The Dupont Law Firm, LLP<br>1177 High Ridge Road<br>Stamford, CT 06905<br><br>Attn: Barbara J. Dupont | Number of process to be served with this Form - 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                              Fold

Ms. Kathleen Murphy, Director of Management Services

| Signature of Attorney or other Originator requesting service on behalf of: ☑ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER (203) 321 2176 | DATE 12/30/08 |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>(Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service    Time       am / pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS:

| PRIOR EDITIONS MAY BE USED | **5. ACKNOWLEDGMENT OF RECEIPT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JUDGMENT NO. 02-2472                    DOCKET NO. 18 MS 0302

### THE PRESIDENT OF THE UNITED STATES OF AMERICA
*To the Marshal of the Southern District of New York, GREETING:*

YOU ARE COMMANDED, that of the goods and chattels of the Islamic

Republic of Iran,  its agencies and instrumentalities, including, but not limited to,

Bank Melli Iran, Assa Corporation and/or Assa Co Limited (entities owned or

controlled, directly or indirectly by Iran) and/or one Mohammad Hassan Dehghani

Tafti (hereinafter referred to collectively as "Iran") in your district you cause to be

made in the sum of Three Hundred Sixty-Seven Million dollars and No cents,

($367,000,000.00) which lately in the United States District Court of the United

States for the District of Columbia, in the District of Columbia Circuit, Edwena R.

Hegna, individually and as Executrix of the Estate of Charles Hegna; Steven A.

Hegna; Craig Hegna; Lynn Hegna Moore; and Paul B. Hegna recovered against the

said Iran, jointly and severally with its Ministry of Information and Security

("MOIS"), in the amount of Forty-two Million Dollars ($42,000,000.0) in

compensatory damages and against the MOIS, individually, in the further amount

of Three Hundred and Thirty-three Million Dollars ($333,000,000.00) in punitive

damages, in an action between Edwena R. Hegna, individually and as Executrix of

the Estate of Charles Hegna; Steven A. Hegna; Craig Hegna; Lynn Hegna Moore;

and Paul B. Hegna, PLAINTIFFS, and Iran and MOIS, DEFENDANTS, in favor

of said Edwena R. Hegna, individually and as Executrix of the Estate of Charles

Hegna (limited to compensatory damages); Steven A. Hegna; Craig Hegna; Lynn

Hegna Moore; and Paul B. Hegna and which judgments the said PLAINTIFFS

thereafter duly registered and docketed in the United States District Court for the

Southern District of New York as appears by the record filed in the Clerk's Office

of said District Court for the Southern District of New York on the 27th day of

November, in the year of 2002.

and if sufficient personal property of the said Iran cannot be found in your District,
then you cause the same to be made out of the real property belonging to the said
judgment debtor, Iran, on the above-mentioned day, or at any time thereafter, in
whose hands soever the same may be, and return this execution within sixty days
after its receipt by you, to the Clerk of said District Court.

        WITNESS, the Honorable Kimba M. Wood, Chief Judge of the United
States District Court, for the Southern District of New York, at the City of New
York, on the _29th_ day of December in the year of our Lord two thousand and
eight, and of the Independence of the United States the two hundred and thirty-
seventh year.

                            **J. MICHAEL McMAHON**
                            _____
                                    CLERK

                    By:  _Robert Miranda_