FILE COPY



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x

EDWENA R. HEGNA,               :    18 MS 302 (RJH)
Executrix of the Estate of Charles Hegna,   :
Late of Sterling, Virginia, individually, and  :    Related Actions:
STEVEN A. HEGNA, CRAIG M. HEGNA,   :    08 Civ. 10934 (RJH)
LYNN MARIE HEGNA MOORE, and     :    09 Civ. 00165 (RJH)
PAUL B. HEGNA,                  :    09 Civ. 00166 (RJH)
                             :    09 Civ. 553 (RJH)
                   Plaintiffs,   :    09 Civ. 564 (RJH)
                             :    09 Civ. 4614 (RJH)
              v.          :    09 Civ. 4784 (RJH)
                             :
ISLAMIC REPUBLIC OF IRAN and     :
THE IRANIAN MINISTRY OF         :
INFORMATION AND SECURITY,      :
                             :
              Defendants.   :
                             :

------------------------------------------------ x

**EXHIBIT**
**12**

## GREENBAUM PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO SHOW CAUSE WHY ORDERS FOR ATTACHMENT, EXECUTION AND TURNOVER SHOULD NOT ISSUE FORTHWITH

STROOCK & STROOCK & LAVAN LLP

180 Maiden Lane
New York, New York 10038
(212) 806-5400
*Attorneys for Greenbaum Plaintiffs*

*Of Counsel:*
Curtis C. Mechling
James L. Bernard
Jeremy S. Rosof
Benjamin Weathers-Lowin
Lani A. Perlman

# TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 2

    FACTS ............................................................................................................................ 2

        A.    The Greenbaum Action ................................................................................ 3

        B.    The Rubin and Miller Actions ..................................................................... 4

        C.    The Government's Civil Forfeiture Action.................................................. 5

        D.    The Hegna Plaintiffs' Order to Show Cause................................................ 5

    ARGUMENT  THE HEGNA PLAINTIFFS ARE NOT ENTITLED TO AN
          IMMEDIATE ORDER OF ATTACHMENT, EXECUTION AND
          TURNOVER .................................................................................................. 6

        A.    The Drastic Relief Requested Cannot Be Granted in Advance of
            Adjudication of Defendants' Alleged Defenses ....................................... 6

        B.    The Court Cannot Grant the Relief Requested Before Determining the
            Priority of the Judgment Creditors' TRIA Claims over the Government's
            Civil Forfeiture Claims ............................................................................ 9

        C.    The Court Cannot Grant the Relief Requested Before  Determining the
            Priority of the Judgment Creditors' Liens ............................................... 10

CONCLUSION............................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

CASES

Brooks v. Wilson,
  6 N.Y.S. 116 (2d Dep't 1889), rev'd on other grounds sub nom.,
  Brookes v. Munoz, 125 N.Y. 256 (1891) ...................................................................10

In re Timms' Estate,
  116 N.Y.S.2d 821 (N.Y. Surr. Ct. Kings Co. 1952) ....................................................10

Rux v. ABN-AMRO Bank, N.V.,
  No. 08 Civ. 6588 (AKH) (S.D.N.Y. April 14, 2009)....................................................7, 8

U.S. v. Holy Land Foundation for Relief and Development,
  493 F.3d 469 (5th Cir. 2007) ......................................................................................9


STATUTES

18 U.S.C. § 981(a)(1)(A) .............................................................................................5, 9

18 U.S.C. § 981(a)(1)(C) .............................................................................................5, 9

18 U.S.C. § 1956.............................................................................................................5

18 U.S.C. § 1957.............................................................................................................5

21 U.S.C. § 853...............................................................................................................9

50 U.S.C. § 1701 et seq..................................................................................................5

CPLR 5203......................................................................................................................6

CPLR 5225......................................................................................................................6

CPLR 5225(b)..................................................................................................................3

CPLR 5227......................................................................................................................3

N.Y. P'ship Law § 51(2)(c) (McKinney 2006)..................................................................8

Terrorism Risk Insurance Act of 2002 ...................................................................... passim

31 C.F.R. Part 538.................................................................................................................7

73 N.Y. Jur. 2d Judgments § 173 (2000) ......................................................................10

Fed. R. Civ. P. 69..........................................................................................................6, 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x
                               :    18 MS 302 (RJH)

EDWENA R. HEGNA,                   :    Related Actions:
Executrix of the Estate of Charles Hegna,   :    08 Civ. 10934 (RJH)
Late of Sterling, Virginia, individually, and  :    09 Civ. 00165 (RJH)
STEVEN A. HEGNA, CRAIG M. HEGNA,    :    09 Civ. 00166 (RJH)
LYNN MARIE HEGNA MOORE, and     :    09 Civ. 553 (RJH)
PAUL B. HEGNA,                 :    09 Civ. 564 (RJH)
                              :    09 Civ. 4614 (RJH)
                 Plaintiffs,   :    09 Civ. 4784 (RJH)
                              :
             v.                :
                              :
ISLAMIC REPUBLIC OF IRAN and      :
THE IRANIAN MINISTRY OF         :
INFORMATION AND SECURITY,     :
                              :
             Defendants.   :
_____ x

## GREENBAUM PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO SHOW CAUSE
## WHY ORDERS FOR ATTACHMENT, EXECUTION
## AND TURNOVER SHOULD NOT ISSUE FORTHWITH

    Steven M. Greenbaum, on behalf of himself individually and as Administrator of the

Estate of Judith (Shoshana) Lillian Greenbaum, deceased, Alan D. Hayman, and Shirlee Hayman

(collectively, the "Greenbaum Plaintiffs"), plaintiffs in Greenbaum v. Assa Corp., 09 Civ. 553

and 564 (RJH) (the "Greenbaum Action"), respectfully submit this memorandum of law in

opposition to the motion of the plaintiffs in the above-captioned action (the "Hegna Plaintiffs")

to show cause why orders for attachment, execution and turnover should not issue forthwith.

## PRELIMINARY STATEMENT

The Hegna Plaintiffs' motion attempts to catapult them to the head of a long line of judgment creditors and the United States of America (the "Government") who all seek to satisfy their judgments from or otherwise lay claim to the New York assets of certain front companies for the Islamic Republic of Iran ("Iran") or Bank Melli Iran ("Bank Melli"). Even a cursory review of the record before the Court reveals that the Hegna Plaintiffs' motion is premature and overreaching. The motion should be denied for at least three reasons.

First, the case-dispositive relief requested cannot be granted in advance of discovery and adjudication on the merits of the issue of whether the judgment garnishees are in fact agencies or instrumentalities of Iran and Bank Melli whose assets are subject to seizure. While the Greenbaum Plaintiffs believe that those assets ultimately will be available to satisfy the judgment on which the Greenbaum Plaintiffs bring suit, and although all plaintiffs share a common view that the garnishees' defenses are completely without merit, these issues must still be litigated.

Second, the Court cannot grant the relief requested in advance of adjudicating the issue of whether the claims of the private judgment creditors under the Terrorism Risk Insurance Act of 2002 ("TRIA") and common law have priority over the Government's civil forfeiture action.

Third, the Court cannot grant the relief requested in advance of the adjudication of the relative priority of the private parties' judgment liens.

## FACTS

The facts relevant to the position of the Greenbaum Plaintiffs are before the Court in the Declaration of James L. Bernard, dated June 18, 2009 ("Bernard Dec.") and the exhibits thereto ("Exhibit").

A.      **The Greenbaum Action**

As alleged in the Amended Complaint in the Greenbaum Action (Exhibit A), the Greenbaum Plaintiffs hold an unsatisfied judgment in the amount of $19,879,023.00 (the "Greenbaum Judgment") (Exhibit B) against judgment debtors Iran and the Iranian Ministry of Information and Security ("MOIS").  The Greenbaum Judgment arises from the August 9, 2001 murder of Judith Greenbaum, a pregnant American woman, in a suicide bombing attack in Jerusalem, Israel by terrorists sponsored by Iran and MOIS.  The Judgment was registered in the Southern District of New York on December 10, 2008, and a transcript docketed in the New York County Clerk's Office on December 17, 2008.  See Exhibit C.  On December 19 and 22, 2008 and January 9, 2009, the Greenbaum Plaintiffs served Restraining Notices to Garnishees upon judgment garnishees Assa Corp., 650 Fifth Avenue Company ("Fifth Avenue Company") and the Foundation, respectively.  See Exhibit D.  On February 3, 2009, the Greenbaum Plaintiffs delivered Executions with Notice to Garnishee, addressed to these same garnishees, to the New York County Sheriff's Department, for levy upon personal property of the judgment debtors.

On December 24, 2008, the Greenbaum Plaintiffs commenced a turnover proceeding by filing a Verified Petition in the Supreme Court of the State of New York, County of New York, for a judgment pursuant to CPLR 5225(b) to compel payment of money or delivery of property or CPLR 5227 to compel payment of debts owed, against Assa Corp., Assa Co. Ltd., the Foundation and Fifth Avenue Company.  See Exhibit E.

On January 20, 2009, the Foundation and Fifth Avenue Company filed a notice of removal, removing the Greenbaum turnover proceeding to this Court, where it was assigned civil action number 09 Civ. 553.  A second notice of removal was filed by garnishee Assa Corp. on

-3-

January 21, 2009, resulting in the Clerk of Court's assigning a second civil action number for the same removed proceeding, 09 Civ. 564 (RJH).

On April 21, 2009, the Greenbaum Plaintiffs filed an Amended Complaint superseding the Greenbaum Petition. Exhibit A. In addition to state law turnover claims, the Amended Complaint added a separate claim for relief under § 201 of TRIA.

**B.   The Rubin and Miller Actions**

On or about January 8, 2009 three additional actions were commenced, two in this Court, Rubin v. Alavi Foundation, 09 Civ. 00165 (RJH), and Miller v. Alavi Foundation, 09 Civ. 00166 (Exhibits F and G), and a similar state court proceeding jointly commenced by the Rubin and Miller plaintiffs in New York County Supreme Court, Rubin v. Alavi Foundation, Index No. 100250/09 (Exhibit H) (collectively, the "Rubin and Miller Actions"). The state court action was removed to this Court by the Foundation on May 15, 2009, and assigned civil action number 09 Civ. 4614, and was subsequently also removed by respondents/garnishees Assa Corp. and Assa Co. Ltd. on May 21, 2009 and assigned a second civil action number, 09 Civ. 4784.

The Rubin and Miller Actions seek to enforce unsatisfied judgments in the amounts of $47.5 million and $12 million, respectively, against Iran, arising from a terrorist bombing on September 4, 1997. The complaints in all three actions, which are substantially identical in both their form and substance, allege that "[p]ursuant to § 201 of the [TRIA], plaintiffs are entitled to enforce their judgment against the blocked assets of agencies and instrumentalities of Iran." See Exhibits F, G and H at ¶ 2. Each seeks, "pursuant to Fed. R. Civ. P. 69, CPLR §§ 5225-5227 and § 201 of TRIA, . . . an order and judgment conveying, assigning and directing the turnover to plaintiffs in satisfaction of their judgment of: a) All right, title, and interest of Bank Melli in Fifth Avenue Company; b) All debts owed by Assa Corp. and Assa Co. Ltd. to Bank Melli; and c) All right, title, and interest of Bank Melli in Assa Corp." See Exhibits F, G and H at ¶ 10.

Unlike the Greenbaum Plaintiffs, however, plaintiffs in the Rubin and Miller Actions do <u>not</u> seek to enforce their respective judgments against assets of the Foundation as such and have sued the Foundation solely on behalf of the Fifth Avenue Company.

**C.   The Government's Civil Forfeiture Action**

On December 17, 2008, the Government brought an action in this Court (the "Civil Forfeiture Action") seeking forfeiture of assets of Assa Corp. and Assa Co., including certain bank accounts and their interests in 650 Fifth Avenue and the Building. Exhibit I. In the Civil Forfeiture Action, the Government claims that these assets are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as property constituting or derived from proceeds traceable to violations of the IEEPA, codified at 50 U.S.C. § 1701 *et seq.* In addition, the Government claims that these assets are also subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in money laundering transactions and attempted money laundering transactions, in violation of 18 U.S.C. §§ 1956 and 1957, and as property traceable to such property.

The core factual allegations of the Government's Verified Complaint are that Bank Melli is wholly owned and controlled by the Government of Iran, and that the Building, which is the prime asset at the heart of all of the related litigations in this Court, is owned by the Fifth Avenue Company, which is a partnership between the Foundation and Bank Melli. The Government alleges that Bank Melli owns 40% of the Fifth Avenue Company through two shell companies, Assa Corp., a New York corporate entity, and Assa Co. Ltd., a corporation domiciled in Jersey, Channel Islands. Assa Corp. is alleged to be wholly owned by Assa Co. Ltd.

**D.   The Hegna Plaintiffs' Order to Show Cause**

The Hegna Plaintiffs first appeared in these proceedings after the commencement of all the Greenbaum, Rubin, Miller and Government Actions (collectively, the "Attachment

Actions"). On March 25, 2009, the Hegna Plaintiffs made known their alleged interests with respect to many of the same assets sought in the Attachment Actions by bringing on the instant Motion to Show Cause Why Orders for Attachment, Execution and Turn Over Should Not Issue Forthwith.

In both its legal and factual predicates, the Hegna Plaintiffs' motion is substantially similar to the Attachment Actions. Like the Attachment Actions, the motion seeks to enforce a terrorism judgment based upon, *inter alia*, § 201 of the TRIA, and CPLR 5225 as made applicable by Fed. R. Civ. P. 69. Unlike the Attachment Actions, however, the Hegna Plaintiffs also seek an immediate judicial sale of the Building.[1] The motion also argues, citing CPLR 5203, that the Hegna Plaintiffs have a priority judgment lien on the Building and the earnings attributable thereto.

## ARGUMENT

## THE HEGNA PLAINTIFFS ARE NOT ENTITLED TO AN IMMEDIATE ORDER OF ATTACHMENT, EXECUTION AND TURNOVER

### A.    The Drastic Relief Requested Cannot Be Granted in Advance of Adjudication of Defendants' Alleged Defenses

The Hegna Motion rests upon an unexamined assumption. The Hegna Judgment Creditors assume that from the moment they docketed a transcript of their judgment with the Recorder for New York County on November 27, 2002, they obtained an instant lien not only on (i) on all real property and the earnings attributable thereto as to which Iran has title, but also (ii) as

---

[1]    The alleged need for a "prompt" judicial sale rests on the entirely speculative premise that current economic conditions affecting commercial real estate in the Southern District of New York warrant prompt action to avert impairment due to a possible decline in the Building's value that would reduce the proceeds of a future sale, as compared with one in the current market. However, it seems just as likely, given market declines amid the current deep recession, that present market conditions may be at or nearing a trough, and that a future sale of the Building could, in fact, net a higher recovery. In any event, the Court need not resolve that fact-intensive economic question on this motion because, as we argue below, the question of how best to maximize the proceeds of any judicial sale is, for a number of reasons, premature.

to all property nominally titled in the name of persons other than Iran and alleged to belong to Iran.

Putting aside the first claim, the second ignores the need for this Court to rule on objections by the current titleholders of the Assets that they are <u>not</u> Iran. Although we, like the Hegna Plaintiffs, believe that the Greenbaum Plaintiffs will prevail on these claims, and that the garnishees' defenses lack merit, those claims must still be resolved. While precedent applying TRIA in this context is scant, what little there is supports the need for a deliberate adjudicatory process. A very recent decision of this Court, <u>Rux v. ABN-AMRO Bank, N.V.</u>, No. 08 Civ. 6588 (AKH) (S.D.N.Y. April 14, 2009), is instructive. <u>See</u> Bernard Dec., Ex. I

In <u>Rux</u>, petitioners, the surviving family members of seventeen American sailors who lost their lives in the Al Qaeda bombing of the U.S.S. Cole, brought a Motion for Immediate Turnover in this Court seeking to enforce a final judgment entered in favor of the sailors' personal representative in the Eastern District of Virginia and against the Republic of Sudan. The turnover petition sought the turnover of any assets of Sudan or any of its agencies or instrumentalities held by several respondent banks. Each of the respondent banks was alleged to be holding funds of the Republic of Sudan and/or its agencies or instrumentalities that the Office of Foreign Assets Control of the Treasury ("OFAC") identified to Petitioners as having been blocked pursuant to the Sudanese Sanctions Regulations, 31 C.F.R. Part 538.

In managing the case, Chief Judge Wood entered an Order Regulating Proceedings, dated July 29, 2008 which, as subsequently amended, directed the respondent banks to transfer to the Court's registry all accounts at issue with a value equal to or exceeding $50,000. The July 29 Order further directed the respondent banks to give notice to all persons who originated or deposited funds into the accounts transferred to the Clerk and to other individuals reasonably

-7-

believed by respondents to have an interest in the funds. In a series of "Notice Orders" the Court directed all potential claimants to the funds transferred to the Court's registry to submit to counsel for the petitioners and the respondent banks any objections they might have to the turnover of such funds to petitioners by a certain date, and to set forth competent evidence in support of each objection. In Rux, notwithstanding notice of potential consequences of failing to file objections, no objections were filed by the deadline with respect to certain accounts, and therefore the Court granted the Motion for Immediate Turnover of Funds.

Unlike in Rux, however, in this case, Assa Corp., a 40% minority partner in the Fifth Avenue Company, which owns the Building, is on record as objecting to the Greenbaum Petition on the basis that neither it nor its foreign parent, Assa Co. Ltd. (together, the "Assa Entities"), is a front for Bank Melli and thus for judgment debtor Iran or MOIS. See Assa Corp.'s and Assa Co. Ltd.'s s/ha Assa Company Limited Declaration in Opposition to Petition, contained in Bernard Dec., Ex. H, ¶¶ 13-15. Although we believe that these objections lack merit and that our clients will prevail on their claims, given the Assa Entities' objection that they are not the judgment debtors, any turnover of partnership property to the Hegna Plaintiffs is premature. Moreover, a critical issue here is that the Hegna Plaintiffs seek turnover of a building that is owned by a partnership, which partnership is in turn 60% owned by the Alavi Foundation and 40% by the Assa Entities. The Hegna Motion ignores that only the Greenbaum Plaintiffs have joined, in addition to the Assa Entities, the Alavi Foundation as a defendant, thus joining in a single action all parties with an interest in the partnership that owns the Building. By seeking turnover of the entire Building without regard to the 60% interest controlled by the Alavi

Foundation, the Hegna Plaintiffs effectively seek to improperly preempt the claims filed by the Greenbaum Plaintiffs.[2]

**B.   The Court Cannot Grant the Relief Requested Before Determining the Priority of the Judgment Creditors' TRIA Claims over the Government's Civil Forfeiture Claims**

Once discovery is complete, it will then be necessary for this Court to resolve competing claims to the distribution of the Assets, between, on the one hand, the five groups of judgment creditors to date, including the Hegna Judgment Creditors, who are proceeding, *inter alia*, under TRIA, and on the other hand, the Government, which invoked the civil forfeiture statute, 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(A), and has informed the Court, via a letter dated April 2, 2009, that it intends to establish a mechanism to distribute the proceeds of the Assets, following their forfeiture, to compensate "those who have suffered from the underlying or related criminal conduct." See Bernard Dec., Ex. J.

The issue of whether TRIA trumps the civil forfeiture statute, or *vice-versa*, is an issue of apparent first impression, and one that cannot be resolved at this time. And because the Hegna Judgment Creditors' Order to Show Cause turns on that question, the Order to Show Cause also cannot be resolved at this time. The Fifth Circuit refrained, on procedural grounds, from deciding the similar "interesting legal issue" of priority as between TRIA and the criminal forfeiture statute, 21 U.S.C. § 853. See U.S. v. Holy Land Foundation for Relief and Development, 493 F.3d 469, 478-79 (5th Cir. 2007) (declining to consider arguments never before made in the lower court). Only after discovery is complete will the Court have occasion to determine competing lien priorities among judgment creditors. In the interim, this Court's

---

[2]   Indeed, the Hegna Judgment Creditors are the only parties before the Court to have specifically sought a turnover and sale of the Building proper. The other litigants have framed the relief sought in terms of the turnover of the interests of the Assa Entities and Alavi Foundation in the partnership, 650 Fifth Avenue Company.

protective order, entered on December 18, 2008, preserves the property that is the subject of the Civil Forfeiture Action, and the relief sought by the Hegna Plaintiffs is therefore premature.  See Bernard Dec., Ex. K.

**C.    The Court Cannot Grant the Relief Requested Before Determining the Priority of the Judgment Creditors' Liens**

Even assuming that the Court concludes that TRIA trumps the civil forfeiture statute, it is far from clear that the Court will hold, as the Hegna Judgment Creditors presume, that the Hegna Judgment Creditors enjoy lien super-priority over all the plaintiffs in the other Attachment Actions.  There is appellate authority of long standing in New York (and it is New York law that here controls pursuant to Fed. R. Civ. P. 69), applicable by analogy, that where a conveyance, as, e.g., between Bank Melli and the Assa Entities, is voidable, priority is not calculated by the order of the date of the docketing of judgments, as the Hegna Judgment Creditors would have it, but instead according to the date of the commencement of the enforcement actions.  See Brooks v. Wilson, 6 N.Y.S. 116, 119 (2d Dep't 1889), rev'd on other grounds sub nom., Brookes v. Munoz, 125 N.Y. 256 (1891) (creditors in successful actions to set aside fraudulent conveyance have priority, not in the order of the date of the docketing of their respective judgments, but in that of the commencement of the actions).[3]  Under the rule of law established by the Appellate Division in Brooks, and left undisturbed on further appeal by the New York Court of Appeals, it is the Greenbaum Plaintiffs, as the first to file an Attachment Action—not the Hegna Judgment Creditors—who have priority and must first be satisfied from the proceeds of any judicial sale.

---

[3]    Notwithstanding its vintage, Brooks has been cited, albeit limitedly, since it was decided.  See In re Timms' Estate, 116 N.Y.S.2d 821, 824 (N.Y. Surr. Ct. Kings Co. 1952) (cited for proposition that "[a] lien of a judgment takes effect only on the actual interest which a judgment debtor has on real property at the time of docketing the judgment . . . ."); 73 N.Y. Jur. 2d Judgments § 173 (2000).

## CONCLUSION

All parties before the Court seek redress for Iran's heinous and illegal actions. It is understandable that some press for a speedy satisfaction of timeworn judgments, and our clients share that desire. But a shotgun approach is not the correct one where the disposition of a thirty-six story Fifth Avenue office tower valued in the tens of millions of dollars hangs in the balance; the legal issues are novel and complex, and there are numerous stakeholders whose rights should not be prejudice by the efforts of any one judgment debtor. This Order to Show Cause should not be used to disrupt the orderly and fair resolution of those claims and, we respectfully submit, the application should therefore be denied.

Dated: New York, New York
　　　　July 9, 2009

STROOCK & STROOCK & LAVAN LLP

By: _____
　　　James L. Bernard
　　　Curtis C. Mechling
　　　180 Maiden Lane
　　　New York, New York  10038
　　　(212) 806-5400
　　　*Attorneys for Greenbaum Plaintiffs*

*Of Counsel:*
Jeremy S. Rosof
Benjamin Weathers-Lowin
Lani A. Perlman

-11-