

U.S. Department of Justice

United States Attorney
Southern District of New York

*FILE COPY*

**EXHIBIT 13**

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

July 9, 2009

**By Hand**
The Honorable Richard J. Holwell
United States District Judge
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007-1312

Re:   *United States of America v. All Right, Title, and Interest of Assa Corp., et al.*, 08 Civ. 10934 (RJH)

Dear Judge Holwell:

      The Government respectfully writes in connection with the order to show cause that was filed in the *Hegna* matter on March 27, 2009, to which responses are due today. For reasons of judicial economy and fairness that we detail below, the *Hegna* order to show cause is premature, and should be denied without prejudice, pending resolution of the anticipated motion to dismiss the complaint in *United States v. All Right, Title and Interest of Assa Corp.*, No. 08 Civ. 10934 (RJH) (the "Forfeiture Action").

      In their application, the *Hegna* plaintiffs seek, among other things, the immediate sale of a major Manhattan office and retail building (an asset of 650 Fifth Avenue Company, a partnership in which Assa Corporation has a forty percent interest), and the immediate turnover to the *Hegna* plaintiffs of the proceeds of that sale and the "personal property" that is the subject of the Forfeiture Action. *See* Order to Show Cause, Mar. 27, 2009, *Hegna v. Islamic Republic of Iran*, No. 18 MS 0302 (S.D.N.Y.), at 2. All of these assets are subject to the Forfeiture Action, as well as competing attachment actions by victims of terrorism in addition to the *Hegna* plaintiffs who hold judgments against Iran. As a result, the Government respectfully submits that the Court could not grant the relief that the *Hegna* plaintiffs request until and unless the Court (1) resolves numerous claim priority arguments in the *Hegna* plaintiffs' favor, *and* (2) rules that the *Hegna* plaintiffs' rights under applicable law, including the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610, take precedence over the Government's claims in the Forfeiture Action, *and* (3) rules that the entire building can properly be subject to a compelled sale pursuant to TRIA and other applicable law, notwithstanding the fact that Assa Corporation ("Assa Corp.") has only a minority interest in 650 Fifth Avenue Company.

      Rather than confront these complex issues simultaneously at this threshold stage in the

Honorable Richard J. Holwell
July 9, 2009
Page 2

proceedings, we respectfully suggest that it would be far more efficient for the Court first to decide defendants' anticipated motion to dismiss the Forfeiture Action, which is due to be filed today. Then, if that motion is denied (as we believe it should be), the Court should permit briefing on whether forfeiture laws control resolution of this case and preclude plaintiffs' efforts pursuant to TRIA or other applicable law to attach property that is forfeitable to the United States.

Briefly, TRIA does not authorize judgment creditors to attach property that is forfeitable to the United States. TRIA § 201 provides that, "notwithstanding any other provision of law," "blocked assets of" a terrorist party[1] "shall be subject to execution or attachment in aid of execution in order to satisfy" a judgment for compensatory damages obtained against that terrorist party "based upon an act of terrorism." TRIA's "notwithstanding" clause is not intended to trump substantive areas of law, such as civil forfeiture, that do not limit the amenability of blocked assets to attachment or execution. Rather, TRIA's "notwithstanding" clause targets statutory or regulatory prohibitions on execution. For example, prior to TRIA's enactment, terrorism victims were prohibited from enforcing their judgments against the blocked assets of terrorist parties because of regulations promulgated under the International Emergency Economic Powers Act ("IEEPA") and other authorities that prohibit any transaction involving the blocked assets of terrorist parties without an OFAC license. The "notwithstanding" clause under Section 201 of TRIA overrides these regulatory restrictions where a court determines that execution against blocked assets satisfies the requirements of TRIA and other applicable law. Accordingly, it cannot simply be said that TRIA's "notwithstanding" clause abrogates civil forfeiture law; instead, these laws must be construed in tandem.

Under the forfeiture laws, all right, title, and interest in property subject to forfeiture vests in the United States as of the date of the underlying criminal conduct that gave rise to the forfeiture action. *See* 18 U.S.C. § 981(f) ("All right, title, and interest in property described in subsection (A) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section"). In this case, Assa Corp. committed the alleged underlying IEEPA and money laundering violations giving rise to the Forfeiture Action long before the judgment creditor plaintiffs sought to attach Assa Corp.'s assets. Accordingly, title to the property that plaintiffs seek to attach and that is subject to the Forfeiture Action vested in the United States before the earliest possible date that those assets could have been subject to attachment under TRIA.

---

[1] Assa Corp.'s assets, including its forty percent interest in 650 Fifth Avenue Company, are blocked, pursuant to a designation of Assa Corp. on December 17, 2008 by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC").

2

Honorable Richard J. Holwell
July 9, 2009
Page 3

    The Court therefore should deny the *Hegna* plaintiffs' order to show cause, without prejudice to a renewed application if and when the Government's forfeiture action is dismissed, and without prejudice to any submission the *Hegna* plaintiffs wish to make concerning the Government's assertion that the forfeiture laws control here.

    Finally, if the Court so directs, we are prepared to present full briefing concerning the controlling effect of the forfeiture laws, although we believe that such briefing would be premature until and unless the motion to dismiss the Forfeiture Action is resolved. Should the Court be inclined to award any form of relief to the *Hegna* plaintiffs notwithstanding the Government's contentions here, we respectfully request that any order the Court may issue at this time include sufficient safeguards that all assets at issue will be preserved pending the Court's eventual resolution of the United States' rights through the Forfeiture Action, as well as the rights of the various attachment claimants.

    We respectfully request that this letter be docketed and made part of the record in these consolidated proceedings. Thank you for your consideration.

Respectfully submitted,

LEV L. DASSIN
Acting United State Attorney

By: _____
SHARON COHEN LEVIN
ANNA E. ARREOLA
Assistant United States Attorneys
Asset Forfeiture Unit
Tel.: (212) 637-1060/2218

By: _____
DAVID S. JONES
TARA M. LaMORTE
Assistant United States Attorneys
Civil Division
Tel.: (212) 637-2739/2746

Honorable Richard J. Holwell
July 9, 2009
Page 4

cc (by email):
Robert Tolchin, Esq.
David J. Strachman, Esq.
Curtis Mechling, Esq.
Dan Ruzumna, Esq.
Peter Livingston, Esq.
Deborah B. Koplovitz, Esq.
Ralph DuPont, Esq.