

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

EDWENA R. HEGNA,
Executrix of the Estate of Charles Hegna,
Late of Sterling, Virginia, individually, and
STEVEN A. HEGNA, CRAIG M. HEGNA,
LYNN MARIE HEGNA MOORE, and
PAUL B. HEGNA,
                              Plaintiffs,

            v.

ISLAMIC REPUBLIC OF IRAN
            and
THE IRANIAN MINISTRY OF
INFORMATION AND SECURITY,
                              Defendants.

Case No. 18 MS 0302
(Judgment N0. 02-2472)
(RJH)

                                                                July 21, 2009

-------------------------------------------------------------- X

**HEGNA-MOVANTS' REPLY TO ALL RESPONSES TO THE  SHOW CAUSE ORDER**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................iii

PRELIMINARY STATEMENT ................................................................2

ARGUMENT:

I. FIFTH AVE. CO. IS NOT A PARTNERSHIP AS TO THIRD PERSONS.................4

II. PURSUANT TO TRIA §201(a) THE HEGNAS ARE ENTITLED
TO JUDICIAL ENFORCEMENT OF THEIR LIENS AGAINST BANK MELLI'S
PROPERTY INTERESTS IN 650 FIFTH AVENUE HOWEVER TITLED. ...................5

   Point One: The Hegnas' Liens Have Priority ................................................5

      A. The Greenbaum Response. ............................................................5

      B. No Other Judgment Holder Claims A Priority Lien...............................5

      C. *The Court Can Readily Make A Determination Of Lien Priority*.................6

         1. Delay from December 2008 Until Early in 2010 Is Unwarranted.........6

         2. Forfeiture Issues Do Not Warrant Delay.......................................6

   Point Two:  Bank Melli And Alavi Foundation Own 650 Fifth Avenue As
                 Tenants In Common ................................................................7

      A.  Treasury Has Concluded That Bank Melli Owns 650 Fifth Avenue ..........7

         1. The Dec. 17, 2008 Treasury Department Designation of ASSA........7

      B. *Alavi, Fifth Ave. Co. and ASSA Have Had Ample Opportunity To
         Challenge Bank Melli's Ownership Of A 40% Interest In The 650
         Fifth Avenue Property, But They Deliberately Choose To Ignore
         The Subject*.............................................................................11

         1. Alavi and Fifth Ave. Co. Response ...........................................11

         2. ASSA Response. ...................................................................12

a. Bank Melli's Failure To Respond...........................................13

b. ASSA Ldt. 's Owners Failed To Respond..............................13

c. ASSA Corp Has Elected Not To Produce Available Evidence.....13

Point Three: Because Bank Melli Owns The Assets Titled In The Name of ASSA Corp. The Arguments By Alavi, Fifth Ave. Co. And ASSA Respecting Agencies and Instrumentalities, Blocked Assets and Piercing Corporate Veils Are Not  Relevant ...............................14

A. It Is Irrelevant Whether ASSA Corp and ASSA Ltd Are Iranian Agencies Or Instrumentalities.................................14

B. New York Law Governing Veil Piercing and Reverse Veil Piercing Is Irrelevant – The Hegnas Seek Enforcement Against Bank  Melli's Property ...................................................15

C.ASSA And Alavi Erroneously Assume That A Real Property Interest In  650 Fifth Avenue Is Not A Blocked Asset .................15

D. International Law Does Not Deny A Remedy As ASSA Claims ....17

CONCLUSION .....................................................................17

## TABLE OF CASES AND OTHER AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Brooks v. Munoz,* 125 N.Y. 256 (1891)................................................................ 5

*Brooks v Wilson,* 6 N.Y. S. 116, 119 (2d Dep't. 1889)....................................... 5

*City of New York v. Panzirer* ................................................................................. 5

*Princeton Bk. & Tr. Co. Berley,* 57 A.D.2d 348 (2nd Dep't. 1977)......................... 5

*Weininger v. Castro,* 462 F. Supp. 2nd 457 (S.D.N. Y. 2006) ...............................1, 16


**Statutes**

N.Y. CPLR §403(d) ................................................................................................. 3

N.Y. CPLR §5201(c)(3) ........................................................................................ .. 3

N.Y. CPLR §5225(b)............................................................................................... 3

N.Y. CPLR §5236 .................................................................................................. 18

N.Y. CPLR  §5240. ............................................................................................. .. 3, 17

N.Y. PTL §11 ........................................................................................................ 4, 5

28 U.S.C. §1605(a)(7) ......................................................................................... ..... 1

28 U.S.C. §2001 ................................................................................................3, 18

28 U.S.C. §2002 ................................................................................................... 18

International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq).* ................9

Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297,
116 Stat. 2337 (November 26, 2002), Title II, § 201(a) ................................... *passim*


**Rules**

FED. R. EVID. 803(8)............................................................................................8, 12

FED. R. EVID. 904(5)...............................................................................................8

Ralph P. Dupont, Esq. (RD1849)
Barbara J. Dupont, Esq. (BR7323)
The Dupont Law Firm, LLP
1177 Summer Street
Stamford, CT 06905-5522
Telephone: (203) 202-7520
Facsimile: (203) 202-7522

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

EDWENA R. HEGNA,                                      Case No. 18 MS 0302
Executrix of the Estate of Charles Hegna,            (Judgment N0. 02-2472)
Late of Sterling, Virginia, individually, and        (RJH)
STEVEN A. HEGNA, CRAIG M. HEGNA,
LYNN MARIE HEGNA MOORE, and
PAUL B. HEGNA,
                        Plaintiffs,

              v.

ISLAMIC REPUBLIC OF IRAN
              and
THE IRANIAN MINISTRY OF
INFORMATION AND SECURITY,
                        Defendants.
                                                      July 21, 2009
-------------------------------------------------------- X

## HEGNA-MOVANTS' REPLY TO ALL RESPONSES TO THE  SHOW CAUSE ORDER

### Preliminary Statement

The Hegna-Movants ("Hegnas") hold judgments against the Islamic Republic of Iran

("Iran") and the Iranian Ministry of Information and Security ("MOIS") pursuant to the Foreign

Sovereign Immunity Act ("FSIA") 28 U.S.C. §1605(a)(7). The judgments are enforceable

against Iran and Bank Melli Iran ("Bank Melli), as judgment debtors, pursuant to the Terrorism

Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2337 (November 26, 2002), Title II, § 201(a).  See *Weininger v. Castro*, 462 F. Supp. 2nd 457, 488-89 (S.D.N. Y. 2006) (holding that agencies or instrumentalities of Iran are also judgment debtors under TRIA §201(a) and are treated as if they are Iran for judicial enforcement purposes under TRIA). See Hegna Memorandum In Support of Motion For An Order to Show Cause ("Hegna Memo") – 12. Notice has been given to all judgment debtors as ordered by the Court.

Neither the United States[1] nor the interested parties holding judgments against Iran[2], nor the interested parties involved with 650 Fifth Avenue, as will be fully discussed infra at pp. 5-6, contest the Hegnas' liens on the real and personal property of  Bank Melli. Instead  Alavi Foundation ("Alavi"), 650 Fifth Avenue Company ("Fifth Ave. Co."), ASSA Corp. ("ASSA Corp.) and ASSA Company, Limited ("ASSA Co. Ltd.")  (collectively "ASSA") ignore Bank Melli and premise their responses to the Show Cause Order on the incorrect assumption that Alavi and ASSA Corp. are partners in Fifth Ave. Co.

The ASSA entities, however, are shell corporations and actually own no interest in 650 Fifth Avenue premises, whether in partnership or in fee. As discussed infra at pp. 7-10, the United States Department of the Treasury has determined, unequivocally, that Bank Melli, through two straw companies, ASSA Corp. and ASSA Co. Ltd., is the actual owner of a 40% property interest in premises known as 650 Fifth Avenue, New York, New York.  It is undisputed that Bank Melli's assets are "blocked assets" within the meaning of TRIA §201(a) and, therefore subject execution and attachment in aid of execution pursuant to that provision.

---

[1] Letter of the Acting United States Attorney for the Southern District of New York, dated July 9, 2009 to Hon. Richard J. Holwell, United States District Judge, docketed in *United States of America v. All Right Title and Interest of Assa Corporation, Assa Company, Limited, and Bank Melli Iran , et al*, 08 Civ. 10934, United States District Court for the Southern District of New York ("*U.S. v. All Right Title and Interest of Bank Melli*") (hereinafter, U.S. "Letter Response").

[2]  The plaintiffs in *Rubin v. Iran, Case No. 1:09-cv-00165, Miller v. Iran Case No.1:09 cv 00166* and their recently removed cases, 09 Civ 4614(RJH) and 09 Civ. 4784(RJH), (previously pending in the New York Supreme Court) and the plaintiffs in *Greenbaum  v. Iran, Cases Nos. 1:09-cv-00553 and 1:09-cv-00564-RJH*.

ASSA Corp. is a Bank Melli nominee, and it has no real interest in this matter, except as such nominee. Consequently, the Court should disregard lengthy arguments advanced by Alavi, Fifth Ave. Co. and ASSA respecting the corporate veil doctrine, the Bancec doctrine and the undisputed fact that ASSA Corp. is not itself an agency or instrumentality of Iran.

Accordingly, on the record in this proceeding, the Hegna judgment-holders should now be allowed to proceed to enforce their 2002 real property, judgment lien in respect of the 650 Fifth Avenue premises. The Court should proceed with an order of sale of the 650 Fifth Ave. property pursuant to notice in accordance with 28 U.S.C. §2001. Alavi claims a right of first refusal and, therefore, has adequate protection for its interest. Alavi Response – 6 and note 4 . In any case, the Court has wide discretion in fashioning a sale which will best insure that all parties are treated fairly. N.Y. CPLR §5240.

Moreover, because the funds held by the Court are Bank Melli's funds and not ASSA Corp.'s, the Hegnas' personal property lien entitles them to a turn-over of Bank Melli's share of the accumulated rental proceeds presently subject to the Court's Post-Complaint Protective Order, ¶ 9 (the "Designated Account"). N.Y. CPLR §5225(b).

Bank Melli's share of any future distributions in respect of proceeds attributable to the 650 Fifth Avenue premises should also be paid over to the Hegnas pursuant to a charging order if the Court chooses to recognize Fifth Ave. Co. as a partnership (which it is not). See N.Y. CPLR §5201(c)(3). See Alavi Response – 9 (acknowledging garnishment on it as a general partner in Fifth Ave. Co.). See also Hegna Memo – 9-10 and Hegna Exs. #4-B and 4-B-1 (seeking an order in this proceeding to compel  payment to the Hegnas of Bank Melli's share of the partnership distributions, however nominally owned). An order to show cause is a special proceeding for purposes of N.Y. CPLR §5225(b).  See N.Y. CPLR §403(d).

Further delay, as suggested by the U.S. Letter Response, dated July 9, 2009 will be highly prejudicial to the Hegnas, who will be waiting 25 years, this December, for justice to be served and for closure.

## I. FIFTH AVE. CO. IS NOT A PARTNERSHIP AS TO THIRD PERSONS.

No partnership came into existence on the uncontroverted facts established by the Treasury Department, because N.Y. PTL §11 provides:

> § 11. **Rules for determining the existence of a partnership.** In determining whether a partnership exists, these rules shall apply:
>
> 1. Except as provided by section twenty-seven [partner by estoppel] persons who are not partners as to each other are not partners as to third persons.
>
> 2. Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.

While concededly, ASSA Corp. executed the Fifth Ave. Co. partnership document, it did so merely as a Bank Melli straw and, therefore, Alavi and ASSA Corp. were never really "partners as to each other." N.Y. PTL §11(1).

Alavi never entered into any agreement with Bank Melli. Because Bank Melli, as the disguised owner of a 40% interest in the 650 Fifth Avenue premises, never executed a partnership agreement with anyone, its 40% interest in the premises is necessarily that of a tenant in common with Alavi.

Whether or not the co-owners of the interests in 650 Fifth Avenue "do or do not share any profits made by the use of the property", a "[j]oint tenancy, tenancy in common, joint property, common property, or part ownership does not establish a partnership." N.Y. PTL §11(2).

4

**I I.   PURSUANT TO TRIA §201(a) THE HEGNAS ARE ENTITLED TO JUDICIAL ENFORCEMENT OF THEIR LIENS AGAINST BANK MELLI'S PROPERTY INTERESTS IN 650 FIFTH AVENUE HOWEVER TITLED.**

As detailed in the Hegna Memo – 10-11 Bank Melli's blocked assets are subject to execution because it is an agency or instrumentality of Iran. See TRIA § 201(a).

<u>Point One</u>
**The Hegnas' Liens Have Priority**

*A. The Greenbaum Response.*   Greenbaum does not claim to have acquired a judgment lien on real or personal property of Bank Melli superior to the Hegnas' earlier recorded judgment lien. The Hegna's levy on their writ of execution gives them a priority personal property lien. Hegna Memo – 2-3, 9-10 and Hegna Exs. ##2, 3, and 4-A – 4-C.  It is settled New York law that the institution of a special proceeding, such as that commenced by Greenbaum, here, does not give rise to a lien. See *Princeton Bk. & Tr. Co. Berley*, 57 A.D.2d 348 (2nd  Dep't. 1977) and *City of New York v. Panzirer*, 23 A.D.\ 2d 153 (1st Dep't. 1965).

*Brooks v Wilson,*  6 N.Y. S. 116, 119 (2d Dep't. 1889), *rev'd on other grounds sub nom., Brooks v. Munoz,* 125 N.Y. 256 (1891), raised obliquely by Greenbaum, is not a case involving lien priorities; it is concerned with priorities among constructive trust judgment-holders. Concededly decided in 1889 and 1891, the case has been rarely cited. Greenbaum Plaintiffs' Memorandum of Law In Opposition To Motion to Show Cause Why Orders for Attachment, Execution And Turnover Should Not Issue Forthwith ("Greenbaum Memo") – 10, n.3.

*B. No Other Judgment Holder Claims A Priority Lien.* The Miller and Rubin judgment holders have not filed any response to the Order to Show Cause. They do not dispute the Hegna's claims to lien priority as to the real and personal property of Bank Melli, nominally

titled in the name of ASSA Corp.  No other judgment holders have appeared to claim an interest in the properties

C. *The Court Can Readily Make A Determination Of Lien Priority and Proceed With Enforcement.* The Hegnas are entitled to judicial enforcement as previously explained. See Hegna Memo – 2-3, 9-10 and Hegna Exs. ## 2, 3, 4-A, 4-B and 4-C. Delay in enforcement is urged by all but the Hegnas, chiefly on the grounds that the Court cannot determine priorities. No one argues; however, that there is any benefit in postponing a decision on matters that can be determined speedily as a matter of law. At this point it is clear that the Hegnas are entitled to proceed with enforcement against Bank Melli's assets, however titled, without further delay.

1. **Delay From December 2008 Until Early In 2010 Is Unwarranted.** The United States, joined by the forfeiture litigants and Greenbaum wish to delay the determination of lien priorities into early 2010, at a minimum. In this connection, the United States unilaterally choose not to respond to the Order to Show Cause in accordance with the Court's Scheduling Order of May 11, 2008 and now seek endless delay.

2. **Forfeiture Issues Do Not Warrant Delay.**

Necessarily the Hegnas have replied to the United States' Letter Response of July 9, 2009. The Hegna letter, over the signature of Steven Kessler, Esq. dated July 17, 2009, has been filed with the Court. The Kessler letter rebuts the need for the delay proposed by the United States. It details reasons why judgment enforcement should proceed forthwith based on a proper application of forfeiture law. The Kessler letter is incorporated herein by reference, therefore. In the event the United States should be permitted to respond hereafter to the Order to Show Cause, on any issue but forfeiture, the Hegnas request the right to file a further reply.

**Point Two**
**Bank Melli And Alavi Foundation Own  650 Fifth Avenue As Tenants In Common.**

A. *Treasury Has Concluded That Bank Melli Owns A Property Interest IN 650 Fifth Avenue.* The Treasury Department when it designated ASSA (Ex. #5 appended[3]),  and the United States by its' verified Complaint in the forfeiture action ( including a declaration by an agent of the Federal Bureau of Investigation) concluded that Bank Melli has long utilized ASSA Corp. and ASSA Ltd. to conceal Bank Melli's  interest in 650 Fifth Avenue. It is admitted or undisputed that ASSA transferred to Bank Melli the avails of the distributions made to it by the Fifth Ave. Co.

1. **The Dec. 17, 2008 Treasury Department Designation of ASSA.** Acting pursuant to an Executive Order of the President of the United States (Hegna Ex.6), after consultation with the Secretary of State of the United States and the United States Attorney General, and coordination with other governmental agencies, including the Federal Bureau of Investigation, the Manhattan [New York] District Attorney's Office and the New York City Police Department, Treasury determined that Bank Melli, not ASSA, owns a 40% interest in the Fifth Avenue property.  See Hegna Ex. # 5.

On December 17, 2008 the Treasury Department announced:

> Bank Melli created ASSA CORP. as a vehicle to hold Bank Melli's interest in a building located at 650 Fifth Avenue, New York, New York whose construction had been financed, in part, by a Bank Melli loan.  ASSA CORP. co-owns the building through a partnership formed with Alavi Foundation of New York, called 650 Fifth Avenue Company.
>
> ASSA CORP. has repeatedly transferred rental income generated from the 650 Fifth Avenue partnership back to Bank Melli through ASSA CO. LTD.  ASSA CORP. also has regularly followed Bank Melli's instructions with regard to ASSA CORP.'s affairs and its management of the investment, and has regularly reported back to

---

[3] Hegna exhibits are marked seriatim; Hegna exhibits 1-4, inclusive are annexed to the Hegna Memo.

Bank Melli on its financial situation, including frequently responding to Bank Melli requests for audits and information regarding company expenses.

This designation does not interfere with the business and other activities of the tenants of 650 Fifth Avenue, and U.S. persons who are not prohibited from dealing with business establishments or other tenants of the building.

Hegna Ex. #5 is an official publication of the Treasury Department, readily available on line: at http://www.treas.gov/press/releases/hp1330.htm (U.S. Department of the Treasury HP-1330 (December 17, 2008)). Hegna Ex. #5 is a self authenticating document. See FED. R. EVID. 904(5). Hegna Ex. #5 is admissible in this proceeding to prove the truth of the Hegnas' assertion that ASSA Corp. and ASSA Ltd. were created by Bank Melli and that Bank Melli is the true owner of whatever interest in the 650 Fifth Avenue property is merely titled in the name of ASSA Corp.

FED. R. EVID. 803(8) provides:

**Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial**

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:. . . .

(8) **Public records and reports**. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Treasury's designation of ASSA is based on factual findings developed in the course of an investigation that:

. . .required careful coordination with various components of the U.S. Department of Justice, the Federal Bureau of Investigation, the Internal Revenue Service, the New York Police Department, and the New York County District Attorney's Office."

Hegna Ex. #5.

Hegna Ex. #5 is particularly trustworthy. The Treasury Department is charged by the President of the United States, pursuant to powers conferred upon him by Congress with making a determination of persons or entities who engage in nuclear proliferation, or are owned or controlled by those who do. Executive Order No. 13382, (June 28, 2005) 70 FR No. 126 (July 1, 2005), Hegna Ex. # 6; The International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.* ("IEEPA").

Specifically, the Treasury Department is charged by the President with publicly identifying those

> "[Persons and entities]] determined by the Secretary of Treasury in consultation with the Secretary of State, the Attorney General, and other relevant agencies to be owned or controlled by, or acting or purporting to act for or on behalf of, directly or indirectly, any person whose property and interest in property are blocked pursuant to this order."

Hegna Ex. # 6.

It is admitted or undisputed that Bank Melli's United States' assets were so blocked on October 25, 2007. See. Hegna Ex. #7. It is especially significant that Treasury's investigation in this instance involves the very point before the Court – who owns the 40% property interest in 650 Fifth Avenue?

The Treasury Department's answer to that question, moreover, is part of, and necessary to, the proper functioning of its program of foreign asset control. Treasury can impose civil penalties on persons and entities doing business with Bank Melli and/or its straw corporations, ASSA CORP. and ASSA., Ltd.  See 73 Fed. Reg. 51933, 51934 (Sept. 8, 2008). Treasury Explanation of Proliferation Designations, Hegna Ex. # 8.

The joint decisions of the United States Secretary of State, the Attorney General and the Secretary of the Treasury that Bank Melli owns whatever interest in property is titled in the

9

name of ASSA Corp. is a unique testament to the trustworthiness Hegna Ex. #5. Moreover, the

United States in the forfeiture proceeding says as much too.

Accurate public dissemination, by Treasury Department public announcements, is

essential to the effectiveness of its Office of Foreign Asset Control, whose mission is

described, in principal part,  as follows:

> The primary mission of OFAC is to administer and enforce economic
> sanctions against targeted foreign countries and regimes, terrorists and
> terrorist organizations, weapons of mass destruction proliferators, narcotic
> traffickers, and others in furtherance of U.S. national security, foreign policy,
> and economic objectives. OFAC acts under Presidential national emergency
> powers, as well as specific legislation, to prohibit transactions and block (or
> "freeze") assets subject to U.S. jurisdiction. Economic sanctions are designed
> to deprive the target of the use of its assets and deny the target access
> to the U.S. financial system and the benefits of trade, transactions, and
> services involving U.S. markets, businesses, and individuals. These same
> authorities have also been used to protect assets subject to U.S. jurisdiction
> of countries subject to foreign occupation and to further important U.S.
> nonproliferation goals.
>
> OFAC administers and enforces economic sanctions programs pursuant
> to Presidential and statutory authorities. OFAC is responsible for civil
> investigation and enforcement of economic sanctions violations committed by
> Subject Persons, as defined in the Guidelines. Where appropriate, OFAC may
> coordinate its investigative and enforcement activities with federal, state, local and/or
> foreign regulators and/or law enforcement agencies. Active enforcement of these
> programs is a crucial element in preserving and advancing the national
> security, foreign policy and economic objectives that underlie these initiatives.
> Penalties, both civil and criminal, serve as a deterrent to conduct that
> undermines or prevents these sanctions programs from achieving their various goals.

73 Fed. Reg. at 51933-4, Hegna Ex. # 8.


The Hegna Memo  – 7-8, the U.S. verified Complaint ¶¶ 21-24, 26-31 and this Court's

Protective Order [Doc. #2] – 6  have all cited the Treasury's determination that Bank Melli is

the owner of 650 Fifth Avenue with Alavi Foundation. ASSA, Alavi and Fifth Ave. Co. have

ignored the Treasury's determination notwithstanding.

B. *Alavi, Fifth Ave. Co. and ASSA Have Had Ample Opportunity To Challenge Bank Melli's Ownership Of A 40% Interest In The 650 Fifth Avenue Property, But They Deliberately Choose To Ignore The Subject.*

1. **Alavi and Fifth Ave. Co Responses.** The Alavi Response – 5 n.3 is very surprisingly limited to an unsupported assertion that "there is no evidence to support the claim that the Fifth Avenue Company is an "alter ego" of Bank Melli. The question which Alavi and Fifth Ave. Co.'s Response refuses to address is whether Bank Melli or ASSA Corp. owns the 40% interest in 650 Fifth Avenue, which is titled in the name of ASSA Corp., a nominee Bank Melli created?

Notwithstanding the Show Cause Order, the Alavi Response, proceeding in an extraordinary, evidentiary vacuum, issues only sweeping, conclusory denials. Neither Alavi nor Fifth Ave. Co. produced a single affidavit or declaration or other relevant evidence contradicting the conclusions of the Treasury Department (Hegna #5) that Bank Melli, not ASSA Corp., is the real owner of a 40% interest in the 650 Fifth Avenue real estate.

Alavi Foundation concedes that it manages, and has always managed, the affairs of the purported partnership known as 650 Fifth Avenue Company and that ASSA is not involved in any significant way.  Alavi Response – 3 and n.1 Declaration of Hanieh Safakama, dated June 18, 2009, ¶8 (". . . Assa [*sic*?]  Corporation does not contribute to the management of the Fifth Avenue Company or the building located at 650 Fifth Avenue.")[4]

In ASSA Corp. and ASSA Ltd. Responses and to a lesser extent Alavi's Response – 1-2 and n. 1, incorporating by reference so-called "documentary evidence" attached to the supporting Declaration of Nicolas Commandeur, an Alavi  attorney, there are literally hundreds of pages of documents establishing that ASSA Corp. and ASSA Ltd., as well as 650 Fifth

---

[4] Declaration of Nicholas Commandeur as Exhibit H and filed in support of Alavi's motion to dismiss in *Greenbaum  v. Assa Corp.* No. 08 Civ. 553 (RJH)

Avenue Company, at least exist on paper, but nothing else. It is self-evident that every straw, nominee or alter ego must have an existence in some form.

Alavi incorporates by reference the declaration of its Financial Manager, but his knowledge is admittedly confined to matters occurring after April 2000 by which time the 650 Fifth Avenue operation had been in existence for over a decade. The Declaration also contains the conclusory and limited ("As stated in the Partnership Agreement") reference to: "The Foundation's partner, Assa Corporation". Declaration of Hanieh Safakamal ¶8. Alavi and ASSA Corp. have foregone the opportunity to explain the basis for the foregoing conclusory observation.

2. **ASSA Response.** The ASSA Response is simply dismissive of the conclusions reached by the Treasury Department. The ASSA Response, therefore, wholly fails to address competent evidence that Bank Melli owns a 40% interest in 650 Fifth Avenue. ASSA chooses not to counter the Hegna Memo – 7-8 and the U.S. verified Complaint ¶¶ 21-24, 26-31, this Court's Protective Order [Doc. #2] – 6 which have all cited the Treasury's determination (Hegna Ex. #5) that Bank Melli is the owner of 650 Fifth Avenue with Alavi Foundation. The Hegna Memo – 7 specifically relies on FED. R. EVID. 803(8).

Over seven months ago the Treasury Department designated ASSA Corp. and ASSA, Ltd. as fronts for Bank Melli. Hegna Ex.5. For almost the same length of time proceedings have been underway in this Court to forfeit 650 Fifth Avenue and the proceeds derived from the rental of the building as an asset of Bank Melli titled in the name of ASSA Corp. See *U.S. v. All Right, Title and Interest of Bank Melli, et al, 08 cv 10934.*

Likewise writs of execution were obtained by the Hegnas on December 27, 2008. The United States Marshal for this Court levied on ASSA Corp., 650 Fifth Ave. Co. and Alavi, as garnishees, on or about January 12, 2009. The assets of Bank Melli, including its right, title and

12

interest in the 650 Fifth Avenue property and its avails, however titled, whether personal property or real property are subject to the Hegna liens, but this fact is ignored by ASSA.

a. Bank Melli's Failure To Respond.  Bank Melli has never challenged the designations of the Treasury Department in respect of itself or ASSA, nor has it sought relief from the resultant blocking of its assets.

It is undisputed on the record here, that since early 2003, ASSA has remitted to Bank Melli millions of dollars in profits paid to ASSA by the Fifth Avenue Company.  It is admitted or undisputed that federal officers seized several million dollars on deposit in several United States banks, with one Mohammed Hassan Dehghani Tafti ("Tafti") as the sole signatory on the ASSA bank accounts. See verified Complaint, ¶¶ 32-35,  *U.S. v. All Right, Title and Interest of Bank Melli, et al, 08 cv 10934* (ASSA Corp. and ASSA Ltd. are also named in the case caption).

It is undisputed that Bank Melli controlled ASSA Corp. through Tafti. *Id.* ¶ 31 (14 e-mail communications between 2003 and 2006 exchanged between Bank Melli officials and Tafti.) It is also admitted or undisputed that Optimum Mortgage Company, a California company was engaged as a cover to conceal sums paid to Tafti for his services. *Id.* ¶¶ 23-24.

b. ASSA Ltd.'s Owners Have Failed To Respond. The straw owners of ASSA Ltd. are identified as Davood Shakeri and Fatemeh Aghamiri, but neither has produced a declaration of their roles or denied the Treasury conclusion that Bank Melli owns a property interest in 650 Fifth Avenue.

c. ASSA Corp. Has Elected Not To Produce Available Evidence. No one in the United States is known to act for ASSA Corp., other than Tafti, but he has not produced a declaration. ASSA Corp. has no known office other than a presence in the law firm which represents it, but no explanation is offered for Tafti's activities. *Neither ASSA Corp. nor ASSA*

13

Ltd. is known to have any business activities, apart from roles as Bank Melli's nominees. No one explains the lack of any employee at ASSA Corp. and Alavi is silent as to its knowledge of Tafti or Optimum Mortgage Company, his purported employer. Alavi and ASSA Corp. have likewise passed-up the opportunity to supply the names of the persons in the two companies who have first-hand knowledge of the business relationship between Fifth Avenue Co. and ASSA.

Significantly lacking in the load of paper in the Court's file is a single affidavit from Bank Melli, ASSA Corp. or ASSA, Ltd. contradicting the Treasury Department's findings (Hegna  Ex. # 5). If Bank Melli is not the real owner of the 40% interest in the 650 Fifth Avenue property it would be a simple matter to point to competent testimony or relevant documents that so state. Yet, neither ASSA Corp. nor ASSA, Ltd. have tendered so much as an e-mail from Bank Melli.

The former President of Alavi, Tafti, Optimum Mortgage Company,  ASSA Ltd.'s shareholders, Aghamiri and Shakeri, and financial personnel in the Fifth Avenue Co. (assuming there are any such[5])  have not submitted affidavits or declarations  to support the claims in the Alavi and ASSA Responses.

### Point Three
**Because Bank Melli Owns The Assets Titled In The Name of ASSA Corp. The Arguments By Alavi, Fifth Ave. Co. And ASSA Respecting Agencies and Instrumentalities, Blocked Assets and Piercing Corporate Veils Are Not Relevant.**

A. *It Is Irrelevant Whether ASSA Corp. and ASSA Ltd. Are Iranian Agencies Or Instrumentalities.*

Whether Bank Melli is an agency or instrumentality of Iran and whether its assets are blocked and what those assets consist of, are the central issues in this Show Cause proceeding.  Conversely, ASSA's Response – 6 -14 is devoted entirely to a detailed

---

[5] For example, Tafti was not even in the United States from 2002 to 2003 and again from late 2006 until May, 2008. Verified Complaint ¶¶ 27-30.

14

explanation of why ASSA Corp. and ASSA Ltd. are not agencies or instrumentalities of Iran, as a matter law. To a significantly lesser extent, but just as emphatically Alavi' Response – 8 and note 5 makes the same irrelevant claim.

As previously explained, Bank Melli Iran is a judgment debtor under TRIA §201(a). It is indisputably an agency and instrumentality of Iran and its blocked assets are subject to execution in this proceeding. See Hegna Memo – 11-12.

Notwithstanding the convoluted and irrelevant responses of ASSA (ASSA Response – 6-14), Alavi and Fifth Ave. Co. (Alavi Response – 8 and note 5), the 650 Fifth Avenue property interest of Bank Melli is a blocked asset and Bank Melli is an agency or instrumentality of Iran. Because Bank Melli (not ASSA) is one of the judgment debtors, then pursuant to TRIA §201(a) this branch of the pending litigation can be speedily concluded and judgment enforcement can proceed under the supervision of this Court.

ASSA Corp. and ASSA Ltd. have failed to make a case otherwise. Their lengthy explanations are simply misplaced on the record before the Court and should be disregarded, therefore.

B. *New York Law Governing Veil Piercing and Reverse Veil Piercing Is Irrelevant – The Hegnas Seek Enforcement Against Bank Melli's Property.*

ASSA's Response – 14-21 exhaustively examines New York law applicable to situations variously concerning equitable interests and corporate veil piercing and invites this Court to engage in a similar convoluted analysis. But that analysis leads no where, because if Bank Melli is the owner of property (and it is) which is merely titled in the name of ASSA Corp. (which it also is) then that is the end of the matter.

C. *ASSA And Alavi Erroneously Assume That A Real Property Interest In  650 Fifth Avenue Is Not A Blocked Asset* This argument contains two flaws: (1) an unproved assumption that ASSA Corp., owns the 40% partnership interest in Fifth Avenue Co. and (2) a mistaken

conclusion that interests in real property are blocked by parcel and not by owner.  See ASSA Response – 7,  Alavi Response – 7-8.

As has been demonstrated, there in no evidence that any entity but Bank Melli owns the interest in 650 Fifth Avenue, nominally titled in ASSA Corp.'s name.  No one disputes that Bank Melli's assets are blocked and have been since 2007. (Hegna Ex. 7).

Of course because Bank Melli's property interests, wherever located are blocked, it follows that its property interest in 650 Fifth Ave. as a tenant in common is blocked. Accordingly a 40% undivided interest in real property at 650 Fifth Avenue is a blocked asset. The ASSA Response -7 is erroneous when it presumes that there must be "some order or notice issued by the United States" which blocks 650 Fifth Avenue as a parcel. The closest Treasury comes to that is Hegna Ex. # 5, but Alavi, Fifth Ave. Co. and ASSA prefer to ignore that conclusion.

In all events, assets whatever they are, wherever they are, and however concealed or titled, so long as the asset is owned by a designated entity, for example Bank Melli, are blocked assets without more. See Hegna Memo In Support – 3, 8, 11-12 and ¶¶ 14-16 of the Affidavit of Ralph P. Dupont ("Dupont Affidavit"), filed simultaneously with the Motion for an Order to Show Cause.

Because Bank Melli's 40% interest, as explained, is not a partnership interest but a tenancy in common, its concurrent undivided interest in 650 Fifth Avenue is a blocked asset. That asset is subject to the Hegna real property lien because it is an interest in real property of an agency or instrumentality of Iran treated as a judgment debtor, as explained.  See *Weininger v. Castro,* 462 F. Supp. 2nd 457, 488-89 (S.D.N.Y. 2006). As such, the interest, and hence the property itself, is subject to execution and attachment in aid of execution under TRIA §201(a) as the Hegnas assert in their moving papers.

Alavi, Fifth Ave. Co. and ASSA have failed to demonstrate that the Hegna real property lien is not enforceable against Bank Melli's 40% real property interest in 650 Fifth Avenue, and therefore, enforcement should not proceed forthwith, no cause to the contrary having been shown.

D. *International Law Does Not Deny A Turn-Over Remedy As ASSA Claims.*

The Hegnas' Memo In Support – 2-3 is a comprehensive jurisdictional statement. No party but ASSA Corp. makes any attack on the jurisdiction of this Court. ASSA Response –22. ASSA's argument, however, is a grasp at one last straw.

It seems to be almost an after thought or just a theory that international law can somehow bar enforcement of the Hegna judgment. ASSA refers to no authority for its novel claim except that found in its related motion to dismiss the Complaint in *U.S. v. All Right, Title, and Interest of Bank Melli, et al*, No. 08-cv-10934. A careful examination of the ASSA memorandum in support of that motion to dismiss fails to reveal any relevant argument and makes no claim that this Court is barred from issuing a turn-over order in respect of the blocked assets of Bank Melli or anyone else for that matter.

## CONCLUSION

The Hegnas have invoked the broad post-judgment powers of this Court in an effort to enforce the judgment of a United States court. The Hegnas should be granted the post-judgment remedies to which they are entitled against the blocked assets of Bank Melli. See Show Cause Orders, 2-3.

The Court has authority to enforce the Hegnas' 2002 real property lien through a sale of 650 Fifth Avenue, because Alavi and Bank Melli are tenants in common. The Court has very broad powers under N.Y. CPLR §5240 to protect the interests of Bank Melli and Alavi. The sale should proceed under the Court's supervision and be conducted in compliance with 28

U.S.C. §§2001- 2002 and N.Y. CPLR §5236.  The Court can also issue its turn-over order in respect to the Deposit Account. N.Y. CPLR §5225.

Alternatively, if the Court rules that Bank Melli and Alavi are partners in 650 Fifth Avenue Company as to the Hegnas, then the Hegnas should be granted a charging order, as discussed, directing that all future distributions to which Bank Melli is entitled by reason of its 40% share be paid to the Hegnas. The Court's Post-Complaint Protective Order should be modified accordingly.

ASSA's Cross Motion should be denied.

Respectfully submitted

Barbara J. Dupont, Esq.

Ralph P. Dupont, Esq.
Of The Dupont Law Firm, LLP
Attorneys for Plaintiffs
1177 Summer Street
Stamford, CT 06905-5522
(203) 202-7520

18

## CERTIFICATION

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a copy of the foregoing was mailed postage pre-paid on July 21, 2009 to opposing counsel of record as follows:

**Peter I Livingston, Esq.**
**Deborah B. Koplovitz Esq.**
**Rosen & Livingston**
275 Madison Avenue, Ste.500
New York, NY   10016-1101

**Thomas G. Corcoran, Esq.**
**Laina C. Lopes, Esq.**
**Berliner, Corcoran & Rowe, LLP**
1101 Seventeenth Street, NW
Suite. 1100
Washington, D.C.   20036-4798

**John D. Winter, Esq.**
**Nicolas Commandeur, Esq.**
**Daniel S. Ruzumna, Esq.**
**Patterson Belknap Webb & Tyler, LLP**
1133 Avenue of the Americas
New York, NY   10036

**Curtis C. Mechling, Esq.**
**James L. Bernard, Esq.**
**Jeremy S. Rosof, Esq.**
**Stroock, Stroock & Levan, LLP**
180 Maiden Lane,
New York, NY   10038

**Sharon Cohen Levin, Esq.**
**U.S. Attorney's Office, SDNY (St. Andrew's)**
One St. Andrew's Plaza
New York, New York   10007

_____
Ralph P. Dupont, Esq.