THE LAW OFFICES OF

**STEVEN L. KESSLER**

FILE COPY

July 17, 2009

**BY HAND**
Hon. Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, N.Y. 10013

Re: *United States of America v. All Right, Title and Interest of Assa Corp., et al.*, No. 08 10934 (RJH)

Dear Judge Holwell:

This firm has been retained as counsel for the Hegna judgment lienholders in the referenced civil forfeiture proceeding ("the Hegnas"). We write in response to the government's letter brief to the Court dated July 9, 2009, filed in opposition to the Hegna plaintiff's motion, brought on by Order to Show Cause, for an order, *inter alia*, (1) compelling the immediate sale of real property located at 650 Fifth Avenue ("the building") pursuant to state and federal law, and (2) distributing to the Hegnas funds from the proceeds of that sale sufficient to satisfy their uncontested six-year old judgment lien against the building. Given the government's failure to controvert the critical facts and law supporting the Hegnas' liens, including the lien arising from their writ of execution on the personal property of Bank Melli, judicial enforcement should proceed without further submissions of the parties.

**The Government's Contentions**

The government asserts that the Hegnas' request for relief is premature because the Court has not yet ruled on three issues: (1) the priority of the Hegnas' lien vis-a-vis other claimants; (2) whether the Hegnas' rights under the Terrorism Risk Insurance Act, 28 U.S.C. § 1610 ("TRIA" § 201(a)) "take precedence over"

THE CHANIN BUILDING 122 EAST 42ND STREET SUITE 606 NEW YORK, NEW YORK 10168-0699  TEL: 212-661-1500  FAX: 212-297-0777
WWW.KESSLERONFORFEITURE.COM  E-mail: KESSLERONFORFEITURE@MSN.COM

**Hon. Richard J. Holwell**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　- page 2 -
**July 17, 2009**

the government's civil forfeiture claims; and (3) whether the building can be properly sold given claimant Alavi Foundation's interest in the building.

The government immediately undermines these contentions, however, by further asserting that the Court should not make any of these purportedly critical determinations at this time. Instead, the government opines that the Court should take no action until yet another event comes to pass: the resolution of a just-filed motion to dismiss the forfeiture action by claimants Assa Corp. and Assa Limited (collectively, "Assa"). Significantly, the government omits to mention that it has stipulated with Assa's lawyers to delay the filing of its response to Assa's motion until *October* of this year. Factoring in the time for Assa to file a reply and for the submissions to be resolved by the Court, it would not be reasonable to expect a decision on Assa's motion before 2010.

The Hegnas have been waiting 25 years for the relief sought in their urgent motion. To delay that relief for at least another half a year for what amounts to nothing more than an 'orderly administration of justice' argument would result in a denial of the very justice that this principle is intended to promote. Certainly the government proffers no *substantive* basis for what would constitute a *de facto* stay of this forfeiture proceeding, as it has failed to articulate a single legal argument as to why the Hegna's motion should not even be considered until Assa's motion is fully briefed and resolved.

In any event, the orderly administration of justice is promoted by resolving the Hegna's motion first, as they are procedurally as well as substantively entitled to priority in the enforcement of their lien. The government has already delayed the Hegnas' exercise of their legal right to the property since December 2008, when it seized the building and related funds and commenced this civil forfeiture proceeding. The Hegnas then properly brought their enforcement rights to a head by filing an emergency motion for a Show Cause Order ("SCO") on *March 26, 2009*. This Court granted scheduling priority to that matter months before Assa's motion to dismiss was ever filed. And unlike Assa's motion, submissions on the Hegnas' motion will be complete within a few days when the Hegnas file their reply to the interested parties' responses to the SCO.

Hon. Richard J. Holwell  
July 17, 2009  
- page 3 -

## The Government's Arguments For a *De Facto* Stay are Without Merit

The government's *de facto* letter cross-motion for an indefinite stay of a forfeiture proceeding that the government itself commenced should be denied, as none of the articulated bases for this unwarranted delay have factual or legal merit. They are treated briefly below.

***Resolution of Other Claims***: The government attempts to paint the resolution of the issue of the Hegnas' priority lien as a complex or lengthy one involving "numerous claim priority arguments . . .." This issue, however, is simple, and has already largely been resolved, as it is a primary focus of the SCO. Significantly, the Hegnas' lien priority has not been challenged by any party in either of the two related enforcement proceedings pending before this Court. That list *includes the government*, which also does not contest the Hegnas' priority liens.

Indeed, there can be no plausible basis to challenge the priority of the Hegnas' lien on all real and personal property owned by Iran and/or its agencies or instrumentalities, including Bank Melli and its straw companies, Assa Corp. and Assa Ltd. As the Hegnas' motion demonstrates, their judgment was enrolled and docketed in this District on November 27, 2002. Hegna Ex. "H". The real property liens of the Miller, Rubin and Greenbaum plaintiffs were all recorded after the liens of Hegnas. Similarly, only the Hegnas have obtained a federal writ of execution against, and levied on, the personal property of Iran and Bank Melli. Thus, the Hegnas have already set forth an uncontested showing that their liens have priority as against all other claims to the real and personal property sought to be forfeited in this proceeding.

***The Non-Issue of TRIA vs. Federal Forfeiture Law***: The government asserts that the Hegnas' motion can not be resolved unless this Court undertakes the Herculean task of determining whether TRIA takes precedence over federal forfeiture law. Such a determination, however, is completely unnecessary to the resolution of plaintiffs' motion. The Court need not perform a reconciliation of two disparate substantive areas of federal law because the Hegnas prevail on their liens *within the context of federal forfeiture law itself*.

Hon. Richard J. Holwell  
July 17, 2009                                                                                                            - page 4 -

      A claimant to property sought to be forfeited can prevail via two procedural paths. The first is to demonstrate that the government has failed to meet its burden of establishing, by a preponderance of the evidence, that the property in issue is subject to forfeiture. The second is to demonstrate that, even if the government has made an initial showing in that regard, the claimant is nevertheless entitled to the property because he or she is an 'innocent owner' under one of two bases set forth in the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the relevant provisions of which are codified at 18 U.S.C. § 983(c)-(d). That law, among other things, increased the government's burden of proof and added protections for innocent owners. Here, the Hegnas are entitled to the relief sought pursuant to both procedural avenues.

      <u>The Building is Not Subject to Forfeiture</u>: The government's case for civilly forfeiting the building is fatally defective. As even the government concedes, there are only two ways to forfeit property in a civil forfeiture case: (1) as the "proceeds" of or property "traceable to" specified unlawful activity, or (2) as property "involved in" the commission of such crimes. See Complaint ¶¶ 37-39 (seeking forfeiture under a proceeds theory); *id.* ¶¶ 40-48 (seeking forfeiture of property allegedly involved in criminal activity).

      The building does not even arguably satisfy either definition of forfeitable property. Indeed, the complaint fails to assert any specific facts supporting the forfeiture of the building, thus violating the pleading requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The complaint attempts to obfuscate this fundamental pleading defect by lumping the building together with the three seized accounts and labeling the entire package "the Defendant Properties". Further, while there are specific allegations regarding the accounts (Complaint ¶¶ 32-35), there are no corresponding allegations regarding the building. Thus, while, as discussed below, the Hegnas' certainly dispute many of the allegations regarding the accounts at least such allegations exist. The same is not true, however, with respect to the building. Thus, the complaint fails to make even a *prima facie* case that the building is subject to forfeiture.

      *The building is not proceeds*: There is no claim that the purchase of the building was funded with the proceeds of criminal activity. This is not surprising,

THE CHANIN BUILDING 122 EAST 42ND STREET SUITE 606 NEW YORK, NEW YORK 10168-0699  TEL: 212-661-1500   FAX: 212-297-0777  
WWW.KESSLERONFORFEITURE.COM   E-mail: KESSLERONFORFEITURE@MSN.COM

Hon. Richard J. Holwell  
July 17, 2009

- page 5 -

as the purchase of the building substantially predates any of the alleged criminal activity in this case.

*The building is not property "involved in" specified unlawful activity*: As already noted, there is no specific allegation in the complaint that the building was involved in specified unlawful activity. The only claim is that some of the *rents* received from the building's tenants were transmitted to Bank Melli, an agency or instrumentality of Iran, and the actual owner of a forty percent interest in the property, in violation of IEEPA and other federal statutes and Treasury regulations. But there is no claim that the collection of rent itself was unlawful. Thus, the relationship of the building to the alleged criminal activity is too distant to be even allegedly "involved in" that activity. Further, the burden imposed by CAFRA on the government when it seeks to forfeit property alleged to have been "involved in" or "facilitated" criminal activity is even higher than it is for proceeds. With facilitating property "the Government shall establish that there was a *substantial connection* between the property and the offense." 18 U.S.C. § 983(c)(3) (emphasis added). Here, the building is not even *connected*, let alone substantially, to the alleged criminal activity.

Indeed, the Treasury Department publication regarding the seizures in this case makes this entirely clear. That document, issued on December 17, 2008, at the time of the commencement of this civil forfeiture action, advised the public that the seizure "does not interfere with the business and other activities of the tenants of 650 Fifth Avenue, and U.S. persons are not prohibited from dealing with business establishments or other tenants of the building." Clearly, if the building itself or the collection of rents, without more, were alleged to be "involved in" criminal activity, the United States would not have advised the public that all ordinary business activities with respect to the building were free to continue as before. If the building or the rents were tainted, the government would have shut down its operation, not permitted it to continue. And, if the building were not a blocked asset of Bank Melli, no assurances to tenants would be required.

Accordingly, there is no legal or factual basis for forfeiture of the building, and the Hegnas should be permitted to enforce their lien through the sale of the building, or by another judicial remedy such as a charging order, resulting in the turnover of sufficient proceeds to satisfy their outstanding judgment.

Hon. Richard J. Holwell                                                           - page 6 -
July 17, 2009

      <u>The Hegnas are innocent owners as a matter of law</u>: Even if the government could establish a *prima facie* forfeiture case against the building, the Hegnas would still prevail under the innocent owner provisions of CAFRA, which provides that "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." The Hegnas have a lienor's interest in Bank Melli's assets up to the uncollected amount of their judgment. Thus, it is not necessary for the Court to find that TRIA takes precedence over CAFRA or the other way around. A TRIA claimant who satisfies one of the statutory definitions of innocent ownership prevails over the government to the extent of the claimant's interest. The claimant does not prevail over forfeiture law; he or she prevails *within* the forfeiture laws.

      There are two types of innocent ownership recognized by CAFRA, depending on whether the claimant's interest arose before or after the criminal activity on which the forfeiture is based. The Hegnas meet both definitions.

      *The Hegnas were first in time*: Under the first type of innocent ownership, the claimant prevails if his or her interest was "in existence at the time the illegal conduct giving rise to forfeiture took place" and, *inter alia*, "did not know of the conduct giving rise to forfeiture . . . ." 18 U.S.C. § 983(d)(2)(A)(i).[1] Here, the earliest specific allegations of criminal activity in the complaint occurred in May 2003. *See* Complaint § 29 ("On approximately 23 occasions from in or about May 2003 through in or about September 2005, checks and wire transfers" were made); *id.* § 31 (noting earliest emails regarding alleged illegal activity were sent "[o]n or about June 12, 2003"); *id.* § 33 (checks and wire transfers evidencing illegal activity occurred in December 2007).

      The Hegnas perfected their lien against the building on November 27, 2002 – six months before the earliest specific criminal activity alleged in the Complaint. Indeed, the Complaint can not seek forfeiture based on alleged illegal activity at

---

[1] The other basis for the 'earlier in time' type of innocent ownership is inapplicable here, as it only applies where the claimant *did* have knowledge of the conduct giving rise to the forfeiture. Even in that instance, the claimant may still prevail if, upon learning of the illegal conduct, did everything reasonably possible to stop it. 18 U.S.C. § 983(d)(2)(A)(ii). Examples of this would be where a hotel was used for prostitution and the owner initiated contact with law enforcement in an attempt to eradicate the illegal use prior to the commencement of forfeiture proceedings.

THE CHANIN BUILDING 122 EAST 42ND STREET SUITE 606 NEW YORK, NEW YORK 10168-0699 TEL: 212-661-1500 FAX: 212-297-0777
WWW.KESSLERONFORFEITURE.COM  E-mail: KESSLERONFORFEITURE@MSN.COM

Hon. Richard J. Holwell  
July 17, 2009 — - page 7 -

any time prior to December 17, 2003, because the statute of limitation governing federal civil forfeiture proceedings is only five years, and this action was filed on or about December 17, 2008. *See* 28 U.S.C. § 2462. Thus, as the Hegnas' lien on the building was "in existence at the time . . . [of] the illegal conduct" and it is undisputed that they "did not know of the conduct giving rise to forfeiture," they would prevail on their innocent ownership claim as a matter of law if the government could somehow make a *prima facie* forfeiture case against the building.

*The Hegnas are bona fide purchasers for value*: Even if the government could somehow evade the statute of limitations to include alleged criminal acts that predate the Hegnas' recordation of their lien, they would still prevail on their claim to the building under CAFRA's second innocent owner provision. That subsection provides that, even if the claimant acquired the property interest after the conduct giving rise to the forfeiture, the claim will still prevail over the government if the claimant "was a bona fide purchaser for value" and "did not know or was reasonably without cause to believe that the property was subject to forfeiture." 18 U.S.C. § 983(d)(3)(A)(i)-(ii).

As noted above, there is no dispute that the Hegnas satisfy the lack of knowledge requirement. Further, the Hegnas' liens were acquired as a result of their elections under section 201(d) of TRIA. In connection therewith, the Hegnas accepted one package of judgment enforcement benefits giving them rights to execute on one class of Iranian assets and received partial payment of their judgments. In exchange, they relinquished their claims to punitive damages against Iran under TRIA and agreed to restrict their rights to judicial enforcement against other Iranian blocked assets. That relinquishment of a valid claim vaults the Hegnas from 'mere' secured judgment creditors who have perfected their lien, to bona fide purchasers who have given "value" in exchange for their interest in the property. *See, e.g., Federal Deposit Ins. Co. v. Malin*, 802 F.2d 12, 19-20 (2d Cir. 1986) (definition of "value" in 'bona fide purchaser for value' principle includes relinquishment of a claim).

*The Post-Seizure Rent Seized by the Government is Not Subject to Forfeiture*: For all the reasons set forth above with respect to the building, the rent collected from the building's tenants after the issuance of the seizure order in this

Hon. Richard J. Holwell                                                                      - page 8 -
July 17, 2009

case is not subject to forfeiture either. The Treasury Department publication referenced above confirms that there is nothing illegal about the operation of the building, including the collection of rents, so long as those rents are not used for an illegal purpose. The building and the rents are conceded to be completely legitimate, thus the rents cannot arguably be deemed the proceeds of criminal activity. Further, as the post-seizure rents have been remitted directly to a special account of this Court, there can be no claim that the rents could have been involved in the commission of any unlawful activity. The Hegnas' motion papers establishes the legal and procedural basis for their right to enforce their lien against the rental income generated by the building, and the arguments set forth therein are incorporated by reference in this submission. Accordingly, as there is no basis in federal forfeiture law for the continued restraint or ultimate forfeiture of the post-seizure rents, these funds should be immediately remitted to the Hegnas' in partial satisfaction of their judgment lien.

**_A Demonstration of the Legal Basis for the Immediate Sale of the Building is Already Before This Court_**: The government's final argument for staying the resolution of the Hegnas' motion is that the Court has not yet ruled "that the entire building can properly be subject to a compelled sale . . . notwithstanding the fact that [Assa] has only a minority interest in 650 Fifth Avenue Company." The government's argument is unavailing, as the SCO and motion filed by the Hegnas herein – the one that the government has seen fit to oppose with nothing more than a two-and-a-half page letter brief – sets forth the legal and factual basis for making that determination. As all parties have responded, and the Hegnas' reply will be filed within the next few days, this issue is fully ripe for determination by this Court. The substance of those arguments is incorporated by reference herein.

In sum, the government's arguments for an indefinite delay in the resolution of the SCO and the Hegnas' urgent motion should be rejected and the matter should be resolved forthwith in their favor. If the government should have a change of heart on reviewing this submission, and seek to file a formal substantive response to the SCO, it is respectfully requested that the government be granted no more than two weeks from the date hereof to file such a submission, and that the Hegnas be provided with an additional ten days from the date thereof to file a reply thereto, together with such other and further relief as

**Hon. Richard J. Holwell**  
**July 17, 2009**  
— page 9 —

this Court deems just and proper.

                    Respectfully submitted,

                    LAW OFFICES OF STEVEN L. KESSLER

                    *Steven L. Kessler*

                    Steven L. Kessler  
                    Eric M. Wagner  
                    *Attorneys for the Hegnas*

SLK:rmaf  
cc: All counsel