# STROOCK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/19/13
```

By Email

August 16, 2013

James L. Bernard
Direct Dial: 212-806-5684
Fax: 212-806-6006
jbernard@stroock.com

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, NY 10007

Re:   In Re: 650 Fifth Avenue and Related Properties,
      08 Civ. 10934 (KBF) and All Member and Related Cases

Dear Judge Forrest:

We represent the Greenbaum, Acosta, Beer, and Kirschenbaum Plaintiffs in the above-referenced consolidated and related proceedings before your Honor. Further to the Court's Order dated August 7, 2013 (Doc. No. 618), we submit this joint letter on behalf of Plaintiffs[1] and the Hegna judgment holders (11 Civ. 03761)(KBF) to present the various parties' positions as to whether the private turnover actions (collectively, the "Private Actions") must be tried to the Court without a jury. As the Court is aware, the Government's civil forfeiture action, which has been consolidated with the Private Actions for purposes of trial, will be tried to a jury, in accordance with the Hegnas' claim for a jury trial (08 Civ. 10934(KBF). The Hegnas have separately stated their position, included herein, on their jury trial claim.[2] Counsel for the Government and the Alavi Defendants have reviewed this letter and approve its contents. The Government further notes that there should be a resolution of the Hegnas' jury demand before trial commences to streamline the presentation of evidence to the Court or the Jury.

---

[1] The term "Plaintiffs" as used herein refers to all private plaintiffs who have filed turnover actions in the above referenced consolidated and related proceedings, with the exception of the Hegna Judgment Creditors.

[2] Plaintiffs' response to the Hegnas' statement is set forth in Part III.

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI · WASHINGTON, DC
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

The Honorable Katherine B. Forrest
August 16, 2013
Page 2

I. **Plaintiffs' Position**

As this Court has already ruled, the Court has subject matter jurisdiction over Plaintiffs' Private Actions under the Foreign Sovereign Immunities Act of 1976 (the "FSIA"), 28 U.S.C. § 1330 et seq. See In re 650 Fifth Ave. & Related Properties, 881 F. Supp. 2d 533, 550 (S.D.N.Y. 2012). The FSIA explicitly prohibits jury trials in actions "against a foreign state." 28 U.S.C. § 1330(a); see also Bailey v. Grand Trunk Lines New England, 805 F.2d 1097, 1100 (2d Cir. 1986) (holding "that the FSIA provides the exclusive source of federal jurisdiction in actions against foreign sovereigns or their instrumentalities," and that the FSIA "expressly forecloses the right to a jury trial"); Ruggiero v. Compania Peruana de Vapores "Inca Capac Yupanqui", 639 F.2d 872, 878 (2d Cir. 1981).[3] Because Plaintiffs' have successfully pled that the Alavi Foundation, the 650 Fifth Avenue Company, Assa Corp., and Assa Co. Ltd. (collectively, "Defendants") are "foreign state[s] for purposes of the FSIA," In re 650 Fifth Ave. & Related Properties, 881 F. Supp. 2d at 548, the FSIA's bench trial requirement mandates that Plaintiffs' Private Actions be tried to the Court without a jury. (Defendants, of course, dispute these allegations, but that does not alter whether this matter is to be tried by the Court).

Although the Court consolidated Plaintiffs' Private Actions with the Government's civil forfeiture action for purposes of trial by Order dated March 15, 2013 (Doc. No. 370), that Order does not alter the fact that Plaintiffs' Private Actions are governed by the FSIA and cannot be tried to a jury. See Katz v. Realty Equities Corp., 521 F.2d 1354, 1358 (2d Cir. 1975) ("It is axiomatic that consolidation is a procedural device designed to promote judicial economy and that consolidation cannot affect a physical merger of the actions or the defenses of the separate parties."); see also New York v. U.S. Army Corps of Eng'rs, 896 F. Supp. 2d 180, 188 (E.D.N.Y 2012) ("Because consolidation of cases under Federal Rule of Civil Procedure 42(a) is a 'procedural device,' '[i]t does not change the rights of the parties in the separate suits.'"). Accordingly, the fact that the Government's civil forfeiture action will be tried to a jury has no bearing on the FSIA's requirement that Plaintiffs' Private Actions be tried to the Court without a jury. Indeed, the Second Circuit has held that, even in a single trial where a foreign sovereign defendant is named along with other non-sovereign defendants, the claims against the foreign sovereign defendant must be tried to the Court even though the same claims against the non-sovereign defendants are decided by a jury. See Matthews v. CTI Container Transport Intern. Inc., 871 F.2d 270, 279-81 (2d Cir.

---

[3] The Greenbaum Plaintiffs commenced their action against the Alavi Foundation, the 650 Fifth Avenue Company, Assa Corp., and Assa Co. Ltd. in state court. The Alavi Foundation and the 650 Fifth Avenue Company removed that action to this Court on January 20, 2009. The relevant removal statute likewise contains a clear prohibition on jury trials: "Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state . . . . Upon removal the action *shall be tried by the court without jury.*" 28 U.S.C. § 1441(d) (emphasis added).

The Honorable Katherine B. Forrest
August 16, 2013
Page 3

1989) (holding that the FSIA compelled the district court to decide factual issues as against the foreign sovereign defendant even where the district court's "findings of fact . . . differed from the jury's findings" against the non-sovereign defendants); *see also Jacobs v. Castillo*, 612 F. Supp. 2d 369 (S.D.N.Y. 2009) ("In a consolidated action, plaintiffs may still have their claims against the non-federal defendants heard by a jury because 'case law in this Circuit clearly permits district courts to conduct bench trials of claims that must be tried to the court without a jury, while simultaneously trying a related claim to a jury, without hindering justice or resulting in confusion.'").

In sum, the Court should, consistent with its consolidation Order, conduct a jury trial for the Government's civil forfeiture action while simultaneously conducting a bench trial for Plaintiffs' Private Actions.

II.     **The Hegnas' Position Within the Forfeiture Action**

Following up on comments made at the August 7 status conference by counsel for the Hegna Judgment Creditors, we asked counsel to elaborate on their position, and they provided the following statement which they asked be included in this submission.

The Government, the "Defendant Properties," the Assa Entities, Alavi Foundation, 650 Fifth Avenue Co. and the Hegnas are the only named parties within the civil forfeiture action, in which the Government must establish its right to forfeiture by the preponderance of the evidence against all parties, including the Hegnas.

The Hegnas made a jury demand "with respect to each and every claim asserted against the defendant properties." **[Doc. #122]**. They have pled 17 affirmative defenses and have denied throughout that the Government's allegations confer on it "any right title, or interest in the defendant properties that is superior to the right, title or interest of the [Hegnas] in said properties . . . ."

The Hegnas special defenses to forfeiture include so-called "first in time" and "innocent owner" defenses and go to the jury within the forfeiture action. There are two types of innocent ownership recognized by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the relevant provisions of which are codified at 18 U.S.C. § 983(c)-(d) The jury reaches the Hegnas' defenses to forfeiture of their liens once it concludes that the Government has established its right to forfeiture against the Defendant Properties (and hence the jury has rejected the defenses of Alavi, 650 Fifth Avenue Co. and the Assa Entities).

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI · WASHINGTON, DC
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

The Honorable Katherine B. Forrest
August 16, 2013
Page 4

While, it is likely that the Court will permit all judgment creditors with standing to participate in the trial, I see no way at present that those special proceedings, including this Court's Show Cause Order (11-Civ.-03761(KBF) are triable to a jury in this Court.

Instead, assuming the United States fails to prevail within the forfeiture action Alavi, 650 Fifth Ave. Co. and the Assa Entities must then defeat each and every judgment creditor's claims respecting Iran's and Bank Melli's interests in the "Defendant Properties," presumably as shown by the evidence adduced during the jury trial.

The Hegnas agree with the Other Judgment Creditors's position as follows: ". . . Plaintiffs' Private Actions [should] be tried to the Court without a jury."

The Hegnas also rely upon In re 650 Fifth Avenue and Related Properties, 881 F. Supp.2d 536 (SDNY 2012).

### III.   Plaintiffs' Position on the Hegnas' Statement

Some, but not all, of Plaintiffs filed Statements of Claim or Interest with respect to the Government's civil forfeiture action. In essence, all of these statements make the same point; namely, that the private judgments of Plaintiffs trump the Government's forfeiture action and that Plaintiffs thereby have priority over any right the Government may have to forfeiture of the property. As previously addressed with the Court, this question of priority will, if necessary, be addressed after the trial. Plaintiffs do not believe that there are any issues of disputed fact which need to be resolved by the jury to resolve the question of whether the Government or Plaintiffs have priority over the other. Similarly, to the extent it becomes necessary to determine the priority of the various judgments obtained by Plaintiffs, Plaintiffs agree that there are no issues of fact which the jury must resolve to address those questions. However, in an abundance of caution, and to the extent that during any litigation concerning these priority issues it is determined, in ways that cannot be predicted now, that factual issues need to be resolved, the Government and Plaintiffs consent to having those factual issues decided by the Court at a later point in time.

Respectfully submitted,

James L. Bernard

cc:   Counsel of Record