U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 19, 2013

**BY E-MAIL**
**(ForrestNYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/20/13__
```

Re:   **In Re: 650 Fifth Avenue and Related Properties,**
      **08 Civ. 10934 (KBF)**

Dear Judge Forrest:

The Government respectfully submits this letter to reply to the Opposition to the Government's Motion for Sanctions filed by Assa Corp. and Assa Co. Limited (collectively, "Assa") (hereafter "Assa Opp.") (Docket Entry "D.E." 670), and the Memorandum of Law in Support of Motion for Sanctions filed by the Alavi Foundation and 650 Fifth Avenue Company (hereinafter the "650 Fifth Opp.") (D.E. 673). At no point in Assa's Opposition does Assa show that the intentional, last-minute refusal of its three officers to sit for overseas depositions was not willful. Assa's Claims and Answer should be dismissed. Further, an adverse inference instruction is warranted.

I.   **Assa's Conduct Is Willful**

Assa has engaged in willful conduct in violation of this Court's clear Order, which merits the sanction of dismissal of Assa's Claims and Answer. In opposition to the Government's Motion for Sanctions, Assa makes the incredible argument that the conduct of Assa's purported owners, Mr. Davood Shakeri and Mrs. Fatehmeh Aghamiri and its purported president, Mr. Mohammad Hassan Deghani Tafti (collectively, the "Assa Representatives") is not willful. *See* Assa Opp. at 4. Assa's purported justifications for its officers' last-minute refusals to be deposed utterly fails to show their conduct was not willful.

As the Court is well aware, it was the Assa Representatives who requested the depositions take place in Dubai. *See* Sithian Decl. Ex. 2 (D.E. 606). It was the Assa Representatives who requested that the Dubai depositions take place on July 29-31. *Id.* It was Assa's counsel who, on July 10, 2013, represented to the Court that the Assa Representatives

were "prepared to be available on the 29th, 30th, and 31st of July in Dubai." 07/10/2013 Tr. at 8 (ECF D.E. 552).

Assa also had ample advance notice of the consequences of its officers failing to appear to depositions. The Court ordered the Assa Representatives to be deposed at the U.S. Consulate in Dubai or face Rule 37 sanctions, including striking of pleadings. *See* Sithian Decl. Ex. 8. Counsel for Assa confirmed that Assa was "cognizant of the ramifications which may result should these depositions not take place." *See* Sithian Decl. Ex. 14. When the time finally came to be deposed for their court-ordered depositions, all three Assa Representatives intentionally failed to appear. *See* Sithian Decl. Exs. 18 & 19. Indeed, Mr. Shakeri and Mr. Tafti each actually entered the U.S. Consulate where their depositions were to be held, and then walked out without sitting for their scheduled depositions. *Id.* To say such conduct is not willful defies logic.

Assa has submitted after-the-fact self-serving declarations to justify their conduct as not being willful. *See* Decls. of Donald F. Luke and Davood Shakeri (ECF Doc. Nos. 667 & 668). Assa proffers, without a declaration from Aghamiri herself, that she was refused permission to travel to testify by her husband. Shakeri Decl. at 5-6. Yet Aghamiri is the purported 50% owner of a U.S. Corporation. Shakeri asserts, for the very first time, that notwithstanding his purported 50% ownership of a New York Corporation, he was "fearful of entering U.S. soil" and that his fears were "further exacerbated . . . after investigating the visa application process for an Iranian citizen . . . ." *Id.* at 2. Yet these "fears" and purported language difficulties between Assa's counsel and the Assa Representatives have not prevented Shakeri from submitting a seven-page declaration in opposition to the Government's Motion for Sanctions, *see* Shakeri Decl. at 1-7, or submitting other declarations in this matter. *See, e.g.*, Shakeri Declaration in Opposition to Motion for Partial Summary Judgment (ECF D.E. 146). And with respect to Tafti, Assa offers no explanation from Tafti himself regarding his failure to appear. Assa's *post hoc* declarations are unworthy of being credited.

Further, Assa's *post hoc* justifications were not raised when the witnesses were noticed for depositions in April. These issues were not raised when the Government was in e-mail contact with counsel for Assa. These issues were not raised with the Court at the July 10, 2013, Status Conference. These issues were not raised in the conference call with the Court on July 25, 2013. These issues were not put into the record at the Dubai depositions. These issues were not raised until Friday, August 16, 2013, two and a half weeks after the Dubai depositions, in Assa's Opposition. Even if there were issues of purported "fear" or an "inability to travel," the appropriate mechanism would be to raise these concerns to the Court—well in advance of the depositions. At no point did Assa do so. Assa's failure to move for a protective order or to previously raise these issues to the Court is fatal to their claims of purported "fear" or inability to travel. Even if the Court were to accept Assa's Declaration, they utterly fail to show that the last-minute refusal of its officers to appear for overseas deposition was not willful.[1] *See Hochberg v. Howlett* No. 92 Civ. 1822 (RPP), 1994 WL 174337, at * 2 (S.D.N.Y. 1994)

---

[1] In its Opposition, Assa attaches incomplete excerpts of email correspondence with the Government' counsel, apparently in an effort to present one side of their communications with the Government. *See* Luke Decl. Exs. 7 & 10. Complete copies of the relevant communications are attached hereto as Exhibits A and B.

("Plaintiffs' other proffered reasons for failing to comply with the November 3, 1993 order fail to contradict that their failure to comply was willful.").

Moreover, contrary to Mr. Luke's Declaration, this is not a situation where the Assa Representatives refused to be sworn in, a distinction without a difference in any event. As the Dubai transcripts make clear—and as Assa's counsel confirmed in Dubai—the Assa Representatives intentionally decided not to appear for their depositions at all. *See* Sithian Decl. Exs. 18 & 19. Accordingly, these witnesses willfully failed to appear for court-ordered depositions.

## II. No Lesser Sanction Is Appropriate Than Dismissal of Assa's Claims and Answer

Dismissing Assa's Claims and Answer is an appropriate sanction based on Assa's willful conduct. Assa has filed Claims in the Southern District of New York and asserted a purported "innocent ownership" affirmative defense. Aghamiri and Shakeri are the purported owners of a company that wholly owns a U.S. corporation. *See* Shakeri Decl. at 1 (ECF Doc No. 668). This U.S. corporation is a partner in an entity that owns property in the New York. Tafti is the purported President of the U.S. corporation. Assa Corp. and Assa Co. Ltd. each have filed claims in this matter, verified by Tafti. *See* Claims (ECF Doc. No. 120, at 7); (ECF Doc. No. 121, at 6); *see also* Original Assa Claim at 1 (ECF Doc No. 5). As noted above, Shakeri has submitted declarations in this matter. His latest assertion of fear appears plainly contrived. Moreover, Assa subjected itself to this Court's jurisdiction, has pressed claims for relief,[2] has obtained voluminous documentary discovery from the Government, and has attended and participated in numerous depositions of Government witnesses, yet has failed to produce any of its own Representatives for court-ordered depositions—during the dates, and in the country, that they themselves requested. This conduct is willful and in bad faith which merits dismissal of Assa's Claims and Answer. *See United States v. $22,555.00 in U.S. Currency*, No. 1:11-CV-1079 (GTS/DRH), 2012 WL 2906835, at 3, n.3 (N.D.N.Y. July 16, 2012) (collecting cases of dismissal of claim and answer in forfeiture action as discovery sanction).

Finally, the Court should handily reject Assa's request for another bite at the apple. Despite the Court's unambiguous order setting the depositions, the Court's clear warning of potential sanctions in the event the order was not complied with, and Assa's repeated assurances and representations that its Representatives would comply with the order, Assa utterly and willfully failed to produce any witnesses at all. Providing Assa another opportunity is both

---

[2] Assa argues that there is an unopposed Rule 37 Motion against the Government, which prevents the Court from ruling on the instant motion. *See* Assa Opp., at 12 (referring to ECF D.E. 551). This is not the case. Assa's motion was filed as part of their Opposition to the Government's Motion for a Protective Order to Preclude the Deposition of a Representative of the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC"). (ECF D.E. 534). At the July 10, 2013 Status Conference, the Court stated it did not need a reply and that the motion would be fully briefed on July 12. 07/10/2013 Tr. at 16. Per the Court's instructions, the Government did not submit a reply. The Court treated Assa's Motion as an Opposition to the Government's Motion to Quash. *See* 07/22/2013 Order (ECF Doc. No. 571).

undeserved in light of its willful failure to comply with the Court's order and unlikely to have a different result in any event.

### III. An Adverse Inference From Assa's Refusal to Appear for Depositions Is Warranted

In the event the Court does not strike Assa's Claims and Answer, an adverse inference is warranted here for Assa's willful failure to appear for court-ordered depositions.[3] *See Collazos v. United States*, 368 F.3d 190, 203-04 (2d Cir. 2004) (discussing adverse inference in civil forfeiture context). Had the Assa Representatives appeared for their depositions, they would have been questioned under oath about, *inter alia*, the relationship between the Assa entities and Bank Melli Iran, financial transactions between the Assa entities and Bank Melli Iran, services provided by the Assa entities and their officers to Bank Melli Iran, the actual control of the Assa entities and their activities and conduct, and the relationship between Assa and the Alavi Foundation. A jury should be entitled to infer from the Assa officers' failure to appear that the Assa officers understood that the truthful answers to these questions on crucial issues in this case would be harmful to Assa's and to their personal interests. *See Agility Public Warehousing Co. K.S.C. v. Supreme Foodservice GmbH*, 840 F. Supp. 2d 703, 709 (S.D.N.Y. 2011) ("This is one area in which the testimony of the missing witnesses can be deemed crucial . . . PWC's failure to appear with knowledgeable witnesses warrants an adverse inference.").

In addition, regardless of the Court's sanctions against Assa, an adverse inference instruction is appropriate against 650 Fifth Avenue Company. Assa is the 40% partner in 650 Fifth Avenue Company in the ownership of a large commercial building in New York City, and has so been for nearly 24 years. In fact, Assa's only purpose is to own 40% of the partnership. The Court may impute the knowledge of Assa to its partner in a joint venture. *See, e.g.*, *United States v. One 1986 Chevrolet Monte Carlo, Vehicle Identification No. 1G1GZ37G24201549*, 817 F. Supp. 729, 733 (N.D. Ill. 1993) (discussing imputation of knowledge to partners in joint venture); *Baker v. Latham Sparrowbush Associates*, 72 F.3d 246, 254 (2d Cir. 1995). Accordingly, Assa's knowledge can be imputed to the partnership, and an adverse inference instruction is warranted against 650 Fifth Avenue Company.

---

[3] The Government intends to submit a proposed adverse inference charge as part of its Requests to Charge.

4

**CONCLUSION**

For the foregoing reasons, and those set forth in the Government's prior Memorandum of Law in support of its Motion for Rule 37 Sanctions, the Court should enter an order striking Assa Corp.'s and Assa Co. Ltd.'s Claims and Answer in this forfeiture action. In the alternative, the Court should give an adverse inference instruction for Assa's willful failure to appear against Assa. Regardless of the Court's sanctions against Assa, an adverse inference instruction is warranted against 650 Fifth Avenue Company.

          Respectfully submitted,

          PREET BHARARA
          United States Attorney for the
          Southern District of New York

By:    */s/ Anand Sithian*
          Sharon Cohen Levin
          Michael D. Lockard
          Martin S. Bell
          Carolina Fornos
          Assistant United States Attorneys
          Anand Sithian
          Special Assistant United States Attorney
          (212) 637-1060/2193/2463/2740/1085

cc:    Counsel of Record (via e-mail)

# Exhibits A and B Redacted