UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE 650 FIFTH AVENUE and
RELATED PROPERTIES

Civil Action No.
08  Civ. 10934 (KBF)

And all member and related
actions

**MEMORANDUM OF LAW IN SUPPORT OF ASSA CORP. AND ASSA
LIMITED'S MOTIONS *IN LIMINE*
AND FOR OTHER RELIEF**

ROSEN LIVINGSTON & CHOLST LLP
275 Madison Avenue, Suite 500
New York, New York  10016

JAFFE & ASHER LLP
600 Third Avenue, 9th Floor
New York, New York  10016

*Attorneys for Defendants
Assa Corp. and Assa Limited, s/h/a Assa Company
Limited*

A.      **Background**

These instant consolidated actions consist of the Government's civil forfeiture action (the "Forfeiture Action") and various judgment enforcement actions (the "Judgment Enforcement Actions") commenced by private plaintiffs (the "Private Plaintiffs") who obtained default decisions, orders, memoranda and judgments (the "Private Judgments") from various courts against the government of Iran and the Iranian Ministry of Information and Security.

The Government, in its Forfeiture Action seeks to forfeit: (i) Assa Corp.'s 40% interest in the 650 Fifth Avenue Company ("650 Fifth"), the partnership which owns the Manhattan skyscraper located at 650 Fifth Avenue, New York, New York; and (ii) various bank accounts held in Assa Corp.'s name, and certain portions of monies in bank accounts in the name of 650 Fifth which belong to Assa Corp.  (Collectively, "Assa's Assets"). The Government seeks the forfeiture of Assa Assets on the grounds that these assets are proceeds of alleged IEEPA violations under 18 U.S.C. § 981(a)(1)(C), and that these properties are allegedly involved in money laundering under 18 USC  § 981(a)(1)(A).

The Private Plaintiffs in their Judgment Enforcement Actions are seeking to execute on various default judgments they previously obtained against Iran and the Iranian Ministry of Information and Security.  Specifically the Private Plaintiffs have claimed that Assa's Assets are those of Bank Melli, an alleged agency or instrumentality of Iran, and thus subject to attachment and execution pursuant to the Foreign Sovereign Immunities Act and § 201 of TRIA.

By order (the "Order") dated June 6, 2013 (dkt. no. 512), the Court granted partial summary judgment to two groups (the "Rubin and Greenbaum Plaintiffs") of the Private

Plaintiffs. [1]   The Court specifically found, relying solely on an OFAC press release and the placement of Assa Corp. and Assa Limited on OFAC's "SDN" List that: (i) Assa's Assets are "blocked assets" as defined in § 201 of TRIA; (ii) that those assets constitute "blocked assets" of Iran; and (iii) Assa' Assets "are subject to execution by judgment creditors in possession of valid terrorism-based judgments against Iran." *Id.*

**B.   ARGUMENT**

**I.   Testimony Of, And Reference To, The Facts
Underlying The Private Judgments Should Be Excluded**

All testimony and references to any of the facts underlying the Private Judgments should be excluded from being introduced at trial because any such information would be highly prejudicial to Assa Corp. and Assa Limited and is entirely irrelevant to the Judgment Enforcement Actions.

Rule 403 of the Federal Rules of Evidence provides that "relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Courts are required to make a "conscientious assessment" of whether the probative value of a piece of evidence is substantially outweighed by unfair prejudice. *United States v. Salameh,* 152 F.3d 88, 110 (2d Cir.1998) (per curiam) (quoting *United States v. Birney,* 686 F.2d 102, 106 (2d Cir.1982).   Here, the Court has already determined in its Order that Assa's Assets are subject to execution and attachment by at least the Rubin and Greenbaum Plaintiffs. (Dkt. No. 512). Accordingly, the Rubin and Greenbaum Plaintiffs are in no need of any trial testimony

---

[1]      The "Rubin and Greenbaum Plaintiffs" consist of plaintiffs, Jenny Rubin, Deborah Rubin, Stuart E. Hersh, Renay Frym, Noam Rozenman, Elena Rozenman, Tzvi Rozenman, Daniel Miller, and Abraham Mendelson and the Greenbaum, Acosta, Beer and Kirschenbaum Plaintiffs.

whatsoever as against Assa Corp. and Assa Limited. Therefore, there is no probative value as to any testimony against Assa Corp. and Assa Limited given the procedural posture of the Rubin and Greenbaum Plaintiffs' actions.

With respect to the remaining Private Plaintiffs (i.e., those other than the Rubin and Greenbaum Plaintiffs), the Court should preclude all testimony and references (including those made in opening and/or closing statements) to any of the facts giving rise to the Private Judgments. This is so, because any such testimony would be highly prejudicial given its emotionally charged nature and such prejudice surely outweighs any probative value such evidence would provide. *United States v. Al-Moayad*, 545 F.3d 139, 159-60 (2d Cir. 2008) (determining that the Trial Court improperly allowed the "highly charged and emotional" testimony of a witness to a suicide bombing in Tel Aviv, because the defendants were not on trial for that suicide bombing, but were, instead, charged with conspiring to provide, and attempting to provide, material support to designated terrorist organizations Hamas and Al-Qaeda, and the testimony was of minimal evidentiary value compared with its highly prejudicial nature.).

Here, the remaining Private Plaintiffs are not seeking judicial recognition of their Private Judgments. Rather, they are merely seeking to enforce the Private Judgments against Assa Corp. and Assa Limited by relying on various statutory provisions contained in the Foreign Sovereign Immunities Act and TRIA. Accordingly, since the validity of the Private Judgments is not at issue, the circumstances giving rise to the Private Judgments is not relevant to these consolidated cases. Moreover, even if the Private Plaintiffs could show any marginal relevance, such testimony about, or reference to, the damages of those Plaintiffs is highly prejudicial and emotional and should not be admitted or referenced at trial.

**II.     The Government and Private Plaintiffs Should Not Be Permitted to Offer Any
Document Which Was Not Produced In Accordance With This Court's Deadlines
Nor Any Testimony From Any Witness Based on Any Document Which Was Not
Produced In Accordance With This Court's Deadlines**

The Court previously ordered the production of all documents by the Government on

April 1, 2013. The Court ordered that any witness who will be produced by the Government at

trial be identified by April 1, 2013 and the Court ordered that the Government must ensure that

all relevant documents for those witnesses be produced by April 1, 2013 deadline. (February 1,

2013 Transcript "Tr." at 68). The Government has represented that it understood this Court's

directive with respect to production of documents related to witness testimony. (Dkt. No. 453).

Indeed, on June 5, 2013, the Court recognized the extreme failure of the Government to have

complied with the Court's directive to provide a witness list, and all documents, by April 1,

2013. (Dkt. No. 511).  The Court was reluctant, at that time, to issue any more serious sanctions

against the Government due to its failure to comply with Court orders, because the Court was

taking into consideration any harm to the Private Plaintiffs. At this point, however, given the

procedural posture of this case *vis a vis* the Private Plaintiffs, (i.e. the Order granting partial

summary judgment) and the Government's continued flaunting of the Court's orders, there is no

such concern, and it is respectfully requested that the Court issue the relief requested.

The Government should be precluded from introducing any document not produced by

April 1, 2013, and any witness testimony based on those documents pursuant to Fed. R. Civ. P.

Rule 37. Indeed, this Court has "wide discretion in sanctioning a party for discovery abuses"

such as these perpetrated by the Government. *Reilly v. Natwest Markets Grp. Inc.,* 181 F.3d 253,

267 (2d Cir. 1999); *New York State NOW v. Terry,* 886 F.2d 1339, 1354 (2d Cir.1989).

There are four factors which Courts look to when contemplating issuing orders of

preclusion. They are: "(1) the party's explanation for the failure to comply with the discovery

order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.,* 118 F.3d 955, 961 (2d Cir. 1997) *citing to Outley v. City of New York,* 837 F.2d 587, 590-91 (2d Cir.1988).

There is no doubt that the Government has conceded that it violated the Court's order and is seeking to introduce documents, and witness testimony based on documents which were produced after April 1, 2013. The Court has to look no further than the Government's own submission of today's date to confirm this. (Dkt. No. 705).The Government, however, offers no viable explanation for its failure to produce documents it has had in its possession for years, and which were not "ESI" material, but were produced well after April 1, 2013. For example, on July 2, 2013, the Government produced approximately 3,966 pages of documents it had in its possession relating to its witness, Mr. Mohammed Hossein Mahallati (dkt. no. 470, number 17), which the Government stated it received in response to a subpoena, on October 13, 2011, nearly *two years before the trial in this matter.* (Exhibit "A" to the Declaration of Donald F. Luke). A number of these documents are on the Government's proposed exhibit list, which list the Government has specifically reserved the right to supplement. The Government also fails to mention that it willfully refused to produce any portion of OFAC's file until *August 16, 2013,* after the Court denied the Government's motion to quash the OFAC deposition. Even then, the Government only produced a highly redacted version of *some* of that file. Other portions of the OFAC file are being submitted to the Court for in camera review, but not until August 28, 2013, two days before summary judgment opposition papers are due.

The fact that some of OFAC's documents in a highly redacted form were not produced until August 16, 2013, and the OFAC deposition was again adjourned (without the consent of the Assa Claimants) until September 3, 2013, on the eve of trial, indicates the extreme nature of the prejudice the Government has sought to inflict on the Assa Claimants. The blocking of Bank Melli by OFAC in 2007 is a key issue in this case, and Assa Claimants have been precluded from obtaining the necessary documentation related to that blocking and designation, including any information relating to the alleged provision of services which were allegedly provided to Bank Melli <u>after</u> that date.

The very belated production by the Government in this case has been extremely prejudicial. For example, the OFAC file, and other documents solely within the Government's possession are absolutely necessary for the Assa Claimants' ability to be able to adequately defend themselves against the Government's attempts to forfeit over tens, if not hundreds, of millions of dollars worth of property. Moreover, the fact that the Government withheld documents for years which related to its own witness, Mr. Mahalatti, also indicates the highly prejudicial nature of the Government's actions.

As set forth in Assa Claimants' July 11, 2013 letter motion to strike the Government's pleadings, the Government has been emboldened to ignore rulings of this Court. First, the Government was permitted to serve a witness list nearly seven weeks after the Court imposed deadline. Now, in an effort to further corrupt the process, the Government seeks another "pass", without any credible showing of "good cause" as to why it should be permitted to present witness testimony and documents which were not produced by April 1, 2013 deadline which has been described as a "line in the sand" and a "hard cutoff".

As previously argued to the Court, the Government's actions are not the result of factors beyond its control, but are a series of calculated steps taken in an unbridled effort to win at any cost. Due to the Government's egregious discovery violations, in the event the Court does not strike the Government's pleadings, as requested in the July 11, 2013 letter motion which was unopposed, it is respectfully requested that the Court issue an order precluding the Government from entering any document into evidence that was produced after April 1, 2013, and moreover, issue an order precluding any testimony based on any document produced after April, 2013. This relief includes, but is not limited to an order precluding a representative of OFAC from testifying at trial, and precluding Mr. Mahalatti from testifying at trial.

**III.     Testimony By Mr. Seyed Mojtaba Hesami-Kiche Should be Precluded Outright**

As set forth in detail in an August 14, 2013 letter motion by the Alavi Foundation and 650 Fifth Avenue Company (dkt. no. 643), which motion is respectfully joined by the Assa Claimants herein, certain evidence and testimony by the Government should be precluded on the grounds that the Government has failed to comply with the directives of this Court and the Government has caused undue prejudice. For the reasons expressed by the Alavi Foundation and 650 Fifth Avenue Company, the Court should exclude any testimony by Mr. Seyed Mojtaba Hesami-Kiche, who is listed on the Government's witness list at no. 14.

**IV.     Testimony by Mr. Seyed Mojtaba Hesami-Kiche and Masoud Modares as to Assa Corp. and Assa Limited Should be Excluded and Precluded as Inadmissible Hearsay , Because The Have No Personal Knowledge As to Assa Corp. and Assa Limited**

In the event the Court does not completely preclude all testimony by Mr. Hesami-Kiche as set forth in Point III, at a minimum, testimony by Mr. Hesami-Kiche should not be permitted because he has any personal knowledge as to those entities. Similarly, irrespective of the request in Point III, testimony by Mr. Masoud Modarres as to Assa Corp. and Assa Limited should be

precluded because he, too, has no personal knowledge about Assa Corp. or Assa Limited. Accordingly, their testimony should be excluded. (*c.f.* Exhibits "B" and "C" to the Declaration of Donald F. Luke).

Pursuant to Rule 104 of the Federal Rules of Evidence, the Court "must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Pursuant to Rule 602 of the Federal Rules of Evidence, a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter". Fed. R. Evid. 602.   Here, neither Mr. Hesami Kiche, nor Mr. Modarres are qualified to testify as to Assa Corp. or Assa Limited. ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Accordingly, both Mr. Modarres and Mr. Hesami-Kiche are not qualified to testify as to Assa Corp. and Assa Limited, as they have demonstrated they have no personal knowledge about

either entity, its formation, ownership, control, management, or any other aspect of these entities. It would be a waste of the Court's time and resources to allow any testimony by these witnesses as to Assa Corp. and Assa Limited, since neither witness has any factual, first-hand knowledge.

Dated:      New York, New York
             August 21, 2013

**JAFFE & ASHER LLP**

/s/ Donald F. Luke
Donald F. Luke
Bension DeFunis
600 Third Avenue
New York, New York 10016
212-687-3000
Email: dluke@jaffeandasher.com

Peter I Livingston
Deborah B. Koplovitz
275 Madison Avenue, Suite 500
New York, New York 10016
Tel: 212-687-7770
Email: pil@rosenlivingston.com

*Attorneys for Defendants*
*Assa Corporation and Assa Limited*
*(s/h/a Assa Company Limited)*

9