**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

August 21, 2013

By E-mail Attachment

Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, New York 10007

Daniel S. Ruzumna
Partner
(212) 336-2034
Direct Fax (212) 336-1205
druzumna@pbwt.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/13

    Re: **In re 650 Fifth Avenue and Related Properties,**
      <u>**08 Civ. 10934 (KBF)**</u>

Dear Judge Forrest:

    We respectfully submit this letter on behalf of the Alavi Foundation and the 650 Fifth Avenue Company in response to the Government's letter, submitted earlier today, regarding its failure to produce documents related to witnesses that it plans to call at the upcoming trial.

    The Court ordered that the Government must produce all documents related to the witnesses that it plans to call at trial.  (*See* 8/14/13 Ruzumna Letter, Dkt. No. 643, at 1-2 (citing February 1, 2013 hearing transcript)).  The Court could not have been clearer regarding the Government's discovery obligations, ordering the Government to represent that "all the relevant documents relating to [the individuals on the witness list] and this matter . . . have been produced…".  (*See* 2/1/13 Hr'g Tr. at 72).  And in response to Claimants' counsel's statement regarding the Government's incomplete production at the time of the conference, the Court stated:  "They can't put anybody on the stand whose documents you haven't received."  (*See* 2/1/13 Hr'g Tr. 70).

    The Government's letter from earlier today flies completely in the face of its previous statements to the Court.  While today the Government writes that it did not believe that the Court's February 1, 2013 Order was intended to have the effect of limiting its evidence at trial, the Government previously represented that this was its *precise understanding*.  Indeed, in its May 13, 2013 letter to the Court, the Government explained its understanding of the Court's February 1 Order: "we understood that we were required to produce document discovery relating to potential trial witnesses by April 1 but mistakenly did not understand that we were also required to affirmatively identify intended trial witnesses by that date."  (*See* 5/13/13 Lockard Letter at 1, Dkt. No. 453).  The Government also disingenuously claims that the "vast bulk" of relevant documents were produced before April 1, 2013, when it is aware that the vast bulk of

Hon. Katherine B. Forrest
August 21, 2013
Page 2

documents produced by the Government were merely a return of the Foundation's own documents.

On the eve of trial, and more than three months after it assured the Court and the parties that it understood its production obligations, the Government once again asks this Court to eliminate its obligations to comply with its discovery obligations and exercise continued leniency.  The Government's request should be denied.  As explained in our August 14, 2013 letter to the Court (Dkt. No 643) and the Memorandum of Law in Support of Claimants' Motion to Dismiss for Due Process Violations, filed today (Dkt. No. 713 at 15-16, 22-24), the Government's repeated failure to meet its discovery obligations in this action have been enormously prejudicial to our clients.  Allowing the Government to call witnesses for whom it has failed to produce relevant documents in a timely manner would further compound these injuries, depriving our clients not only of the discovery contemplated by the Rules of Civil Procedure and this Court's orders, but also by depriving our clients of the opportunity to challenge the Government's and witnesses' presentation of the facts during trial.  As previously ordered by the Court, the Government should be precluded from calling witnesses at trial from whom relevant documents were not produced in accordance with the Court's February 1, 2013 Order.

       Respectfully submitted,

       /s/ *Daniel S. Ruzumna*
       Daniel S. Ruzumna

cc:    Counsel of record