

U.S. Department of Justice

United States Attorney
Southern District of New York

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 21, 2013

**BY EMAIL**
**(ForrestNYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   8/22/13
```

Re: **In Re: 650 Fifth Avenue and Related Properties,**
**08 Civ. 10934 (KBF)**

Dear Judge Forrest:

The Government respectfully submits this letter in response to the letter dated August 14, 2013, from counsel for claimants the Alavi Foundation and 650 Fifth Avenue Company (the "Alavi Claimants"). In their letter, the Alavi Claimants ask that the Court preclude testimony from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The bases for the Alavi Claimants' request are that (a) the Government has produced some material relating to ▮▮▮▮▮▮▮▮▮▮▮ since April 1, 2013, and (b) the Government has not produced certain law enforcement privileged material concerning ▮▮▮▮▮▮▮▮▮▮▮.

For the reasons explained more fully below, the Alavi Claimants' request should be denied. The claimants have received voluminous discovery concerning ▮▮▮▮▮▮▮▮▮▮▮

What has been withheld from discovery are simply law enforcement privileged materials

2

Case 1:11-cv-03761-KBF   Document 158   Filed 08/22/13   Page 2 of 5



In an effort to obscure the marginal nature of their discovery complaints, counsel for the Alavi Claimants makes the broad-brush and ill-considered accusation that the Government has engaged in a "larger strategy of selectively declassifying documents that are helpful to its case, while redacting (or withholding entirely) documents containing exculpatory evidence." (Alavi Ltr. at 5). The Court need not entertain this unsupported broadside about what has been withheld on privilege grounds and what has been disclosed, because the Government has submitted unredacted investigative files for the Court's review *in camera* review. As a result of that review, the Court has upheld the Government's assertion of the law enforcement privilege in all respects.

Indeed, even when the Alavi Claimants attempt to identify an example of supposed strategic, selective redaction, they merely highlight the Government's good faith and diligent efforts to disclose what is relevant and discoverable while making every effort to complete a laborious and time-consuming discovery review process as expeditiously as reasonably possible. The Alavi Claimants cite to one version of an interview report where a particular paragraph was intentionally declassified for disclosure in this action. (*Id.* at 5, Ex. M). This report was produced from the main case file, which was comprehensively reviewed for potential declassification and disclosure in this action. The partial declassification of the original report, however, does not automatically remove the classification markings on other copies of the report – one of which was also contained in, and re-produced from, the ESI materials. (*Id.*, Ex. N). But the fact that other copies of the partially declassified report still have classification markings does not in any way diminish the fact that the claimants already had received the declassified copy. In short, the Alavi Claimants' efforts to impugn the Government's good faith in the conduct of discovery prove hollow.

## Conclusion

The Alavi Claimants have good reason to seek to preclude testimony by ▓▓▓▓ ▓▓▓▓ but that reason is not grounded in the fairness of the discovery process nor is their request intended to further the truth-seeking function of trial. Rather, the Alavi Claimants seek to exclude ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ upports the Government's

4

forfeiture claims in this action and undercuts the Alavi Foundation's innocent ownership claims. There is no merit to the request and it should be denied.

          Respectfully submitted,

          PREET BHARARA
          United States Attorney for the
          Southern District of New York

By:    */s/ Michael D. Lockard*
          Sharon Cohen Levin
          Michael D. Lockard
          Martin S. Bell
          Carolina A. Fornos
          Assistant United States Attorneys

          Anand Sithian
          Special Assistant United States Attorney
          (212) 637-1060/2193/2463/2740/1085

cc:    Counsel of Record (via email)

5