# THE DUPONT LAW FIRM, LLP
## ATTORNEYS AND COUNSELLORS AT LAW



BARBARA J. DUPONT
RALPH P. DUPONT

October 22, 2013

**By E-Mail**
**(ForrestNYSDChambers@nysd.uscourts.gov)**
Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 24 2013
```

Re: *In re 650 Fifth Avenue and Related Properties*, 08 Civ. 10934 (KBF);
*Hegna v. Islamic Republic of Iran*, et al 11 Civ. 03761(KBF)
(formerly18 MS 0302 (Judgment No. 02-2472(RJH) (Mar. 27, 2009))

Dear Judge Forrest

    We write as counsel for the Hegna Judgment-Lienors and Claimants in the above-captioned actions, in opposition to Alavi Foundation's and 650 Fifth Avenue Company's (jointly, " Claimants'") request for Fed. R. Civ. P. 54(b) certification of final judgment of forfeiture. No party has spoken with us prior to moving for any of the several delays of which the Claimants' complain in their request, but which no longer appear to be of concern.

    The granting of partial summary judgment is intended to conserve valuable judicial resources by defining the issues in dispute and resolving all matters as to which there is no material question of fact. Rule 54(b) was intended for use in exceptional circumstances. It was never intended to be used to turn partial summary judgment (and its benefits in dispatching trial court business) on its head by providing a torrent of increased, piece-meal, appellate business.

    Notably, Claimants' motion relies largely on the delay purportedly caused by certain private parties, other than the Hegnas, in briefing their alleged "innocent owner" claims (evaluated hereinafter). While, concededly there has been delay for two and one-half months past the time when the Court would have disposed of all issues on the trial of this matter, there is no need for further delay. The current reason for delay, as we understand it, is the private parties' claimed pending "settlement" discussions at the Justice Department which were interrupted by the budget deadlock. That deadlock has been resolved and, therefore, delay is no longer necessary for that reason. Seemingly any delay (which the Government did not specifically request) simply to negotiate the amounts of discretionary, post-judgment entitlements to forfeited assets is no longer necessary.

    Most importantly, as today's telephone conference confirmed, any delay whatsoever is now complicating the management of 650 Fifth Avenue property, which will continue to require significant, judicial intervention. In any case, the private parties need not hold up the

entry of final judgment any longer, because they are free to pursue whatever their settlement discussions may be, whenever it is convenient for them and the Government.

Yesterday, the Hegnas filed their motion for summary judgment on their "innocent owner" defenses, to which the Government (which has sought no delay), will presumably respond forthwith, thus concluding the forfeiture action. Moreover, as explained in the Hegnas' motion for summary judgment, the other private parties have no apparent "innocent owner" defenses and, therefore, have not pleaded such defenses in response to the forfeiture complaint.

The related civil actions appear be fully briefed and proceeding to final judgment. Accordingly, the Claimants' allegations of delay with respect to final judgment in the related actions have no support in the Record.

Worse yet, if the Claimants' request is granted now, proceedings before the Court of Appeals will likely be extended. Summary judgment in favor of the private parties or any one or more of them will then add another branch to the dispute over a stay of proceedings with respect to forfeited assets. It is evident that one purpose of this Rule 54(b) request appears to be an effort to stay the judgment of forfeiture and obtain additional attorneys' fees out of rental proceeds. That unnecessary duplication of appellate effort can be avoided by granting single final judgment, encompassing all issues. Iff counsel fees are the issue, counsel for Alavi can always seek an allowance for counsel fees at the conclusion of the appeal.

Finally, a single judgment, without bi-furcation, was within this Court's contemplation from the outset of pre-trial proceedings in February of this year. That is still the best way to avoid further complications with the management of Iran's 60% interest in the 650 Fifth Avenue property and other assets merely titled in the name of 650 Fifth Avenue Company. Bank Melli's 40% interest similarly so titled, been fully briefed, with the exception of the Government's response to the Hegnas' innocent owner defense.

The Claimants have not met their very heavy burden of demonstrating a need for the extraordinary relief contemplated by Rule 54(b). After nearly five (5) years in this Court, bi-furcated appellate proceedings are not warranted on the Record in this case.

We have the honor to remain,

Very respectfully,

The Dupont Law Firm, LLP

Ralph P. Dupont, Esq.

cc: counsel of record via e-mail

*Ordered*
Post to docket.
K. T. Fo
10/24/13
USDJ

2